**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**JAMES T. PARKER, II**
**and**
**DEBRA L. PARKER,**

                    **Plaintiffs,**

**v.**                                                      **Civ. No. _____**

**FREEDOM MORTGAGE CORPORATION**
**SERVE:   CT Corporation System, Registered Agent**
            **4701 Cox Road, Suite 285**
            **Glen Allen, VA 23060,**

**and**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**SERVE: David N. Anthony, Registered Agent**
            **1001 Haxall Point**
            **Richmond, VA 23219,**

**and**


**EQUIFAX INFORMATION SERVICES, LLC.,**
**SERVE: Corporation Service Company, Registered Agent**
            **100 Shockoe Slip, 2nd Floor**
            **Richmond, Virginia  23219,**

                    **Defendants.**


                    **<u>COMPLAINT</u>**

        Plaintiffs, JAMES T. PARKER, II (hereafter "Plaintiff" or "Mr. Parker") and DEBRA L.

PARKER (hereafter "Plaintiff" or "Mrs. Parker"), by counsel, for their Complaint against

Defendants, allege as follows:

## PRELIMINARY STATEMENT

1.   This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §§ 1681 et seq. (Federal Fair Credit Reporting Act or "FCRA"); and 12 U.S.C. § 2601 et seq. (Real Estate and Settlement Procedures Act or "RESPA").

## JURISDICTION

2.   The jurisdiction of this Court is conferred by the FRCA, 15 U.S.C. § 1681p, the RESPA, 12 U.S.C. §2605(f), and 28 U.S.C. §1331.

3.   Personal jurisdiction and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as all of the Defendants do substantial business here, maintain their actual and/or registered offices within this District and a significant part of the Plaintiffs' claims occurred here.

## PARTIES

4.   The Plaintiff, JAMES T. PARKER, II is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.   The Plaintiff, DEBRA L. PARKER is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

6.   Upon information and belief, FREEDOM MORTGAGE CORPORATION ("FREEDOM") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Glen Allen, Virginia.  At relevant times alleged in this Complaint, Freedom was a mortgage servicer under RESPA and furnisher as governed by the FCRA.

7.   Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

8.   Upon information and belief, Experian is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

9.   Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, EQUIFAX INFORMATION SYSTEMS, LLC. ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

11. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

12. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**FACTS**

13.   Plaintiffs own and live in a home located in Virginia that is secured by a mortgage with Defendant, Freedom Mortgage Corporation ("Freedom Mortgage").

14.   In January 2016, Freedom Mortgage incorrectly changed the monthly mortgage amount in its computer system from $778.29 to $1,196.96 due to it paying the City of Newport News real estate taxes on Plaintiffs' home, even though Plaintiffs were granted tax relief due to Plaintiff, James Parker, being disabled.  This led to Plaintiffs filing and prosecution of a previous lawsuit in this Court.

15.  Plaintiffs reached a settlement of the previous lawsuit against Freedom Mortgage on June 2, 2017.  The settlement required that Freedom Mortgage correct the derogatory reporting of Plaintiffs' mortgage account with Experian and Equifax.  It also required the correction and adjustment of the actual payment amounts the Plaintiffs would be responsible to pay going forward.

16.  On or about February 19, 2018, Plaintiffs received correspondence from Freedom Mortgage (inaccurately) indicating that Plaintiffs were delinquent on their mortgage payment.

17.  Freedom Mortgage continued inaccurately reporting Mr. and Mrs. Parker's mortgage as late to Experian and Equifax.

18.  Plaintiffs have continued to make the required mortgage payments actually due each month.  At no time were the Plaintiffs in default of their mortgage payments.

19.  Plaintiffs continued to receive correspondence and telephone calls from Freedom Mortgage indicating that the Plaintiffs' mortgage was in default.

20.  On or about April 30, 2018, Plaintiffs sent a Qualified Written Request (QWR) to Freedom Mortgage disputing the accuracy of the mortgage account, requesting specific information about their mortgage to which they are entitled, and asking that Freedom Mortgage correct its inaccurate accounting of the mortgage and end its collection attempts.

21. As of the filing of this suit, Plaintiffs have never received a response from Freedom Mortgage regarding their Qualified Written Request.

22.  Upon information and belief, Freedom Mortgage knew that its reporting of borrowers' mortgage account was at a minimum, inaccurate, but more likely, purposefully designed to cause acceleration and foreclosure, depriving borrowers of their rights and property.

23.  The Parkers obtained their consumer reports from Experian and Equifax.

24. Both Experian and Equifax were each reporting the Parkers loan to be past due and in default.

25. On April 30, 2018, after continued frustration and fear of losing their home, Mr. and Mrs. Parker sent letters to Experian and Equifax, disputing the accuracy of the agencies' reporting of the mortgage on their consumer reports.

26. Plaintiffs supplied specific information to each of the consumer reporting agencies that the delinquencies being reported were inaccurate.

27. The Freedom Mortgage reporting was inaccurate. The Plaintiffs were not delinquent at any time.

28. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate Freedom Mortgage account.

29. Upon information and belief, Plaintiffs allege that on one or more occasions Experian and Equifax forwarded Plaintiffs' disputes to Freedom Mortgage. Upon information and belief, Freedom Mortgage was provided notice of Plaintiffs' disputes and despite this note, failed and refused to investigate and correct its inaccurate reporting.

30. Experian and Equifax each received Mr. and Mrs. Parker's disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, Experian and Equifax merely "parroted" the information dictated to it by Freedom Mortgage.

31. Experian and Equifax prepared and published to third parties multiple inaccurate consumer reports about Mr. and Mrs. Parker that reflected the derogatory Freedom Mortgage account.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(EXPERIAN and EQUIFAX)**

32. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

33. Experian and Equifax each violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' credit reports and credit files they published and maintained concerning the Plaintiffs.

34. As a result of Experian's and Equifax's violations of 15 U.S.C. §1681e(b) Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35. The violations by Experian and Equifax were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian and Equifax were negligent, entitling the Plaintiffs to recovery under 15 U.S.C. §1681o.

36. Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)**
**(EXPERIAN and EQUIFAX )**

37. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

38.   Experian and Equifax each violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from each of the Plaintiffs' credit files.

39.   Experian and Equifax each violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiffs.

40.   Experian and Equifax each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from each of the Plaintiffs' credit files or modify the item of information upon a lawful reinvestigation.

41.   As a result of Experian's and Equifax's violations of 15 U.S.C. §1681i(a), Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

42.   The violations by Experian and Equifax were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian and Equifax were negligent, entitling the Plaintiffs to recovery under 15 U.S.C. §1681o.

43.   Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

44.   Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(A) AND (B)**
**FREEDOM MORTGAGE**

45.   Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

46.   On at least one occasion within the past two years, by example only and without limitation, Freedom Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiffs' disputes.

47.   On one or more occasions within the past two years, by example only and without limitation, Freedom Mortgage violated 15 U.S.C.§1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

48.   When the Plaintiffs mailed their detailed, written disputes and enclosures to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers such as Freedom Mortgage.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

49.   When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

50.   The ACDV form is the method by which Freedom Mortgage have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

51.   Based on the manner in which the CRAs responded to – or did not respond to – each of the Parker's disputes, representing that Freedom Mortgage had "verified" the supposed accuracy of its reporting, Plaintiffs allege that Experian and Trans Union did in fact forward the Plaintiffs' dispute via an ACDV to Freedom Mortgage.

52.  Freedom Mortgage understood the nature of the Plaintiffs' disputes when it received the ACDVs from Experian and Trans Union.

53.  When Freedom Mortgage received the ACDVs from Experian and Trans Union, it as well could have reviewed its own systems and previous communications with the Plaintiffs and discovered that Freedom Mortgage in fact had received full mortgage payments from the Plaintiffs in all months that they disputed, which months reflected that no payment at all was made on the Plaintiffs' consumer reports.

54. Notwithstanding the above, Freedom Mortgage follows a standard and systemically unlawful process when it receives the ACDV dispute.  Basically, all Freedom Mortgage does is review its own internal computer screen for the account and repeat back to the ACDV system the same information Freedom Mortgage already had reported to the CRAs.

55.  When Freedom Mortgage receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

56.  As a result of Freedom Mortgage's violations of 15 U.S.C. §1681s-2(b)(1)(A) and (B), the Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

57. The violations by Freedom Mortgage were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Freedom Mortgage was negligent, entitling the Plaintiffs to recovery under 15 U.S.C. §1681o.

58. The law in this District, the Fourth Circuit, and even nationally has long ago been articulated to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

59. Freedom Mortgage was aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiffs' dispute.

60. On information and belief, the Plaintiffs allege that the procedures followed regarding the Plaintiffs' FCRA disputes through e-Oscar were the procedures that Freedom Mortgage intended its employees or agents to follow.

61. The Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Freedom Mortgage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
## FREEDOM MORTGAGE

62. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and previous Counts).

63. On one or more occasions within the past two years, by example only and without limitation, Freedom Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the Freedom Mortgage's inaccuracies within Plaintiffs' credit files with Experian and Equifax without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

64. Specifically, Freedom Mortgage failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to Experian and Trans Union.

65. On information and belief, Plaintiffs allege that Freedom Mortgage rarely if ever adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

66. Freedom Mortgage knew that the Plaintiffs disputed the subject account on multiple occasions directly with Freedom Mortgage and its agents.

67. The Plaintiffs' disputes were, at a minimum, *bone fide*.

68. In fact, the Plaintiffs' disputes were justified because they had made mortgage payments at times that Freedom Mortgage and the CRAs reported no payments had been made and showed arrearages when Freedom Mortgage did not have documentation to show that the Plaintiffs' loan was delinquent or in default.

69. Freedom Mortgage was aware of the *Saunders v. B.B. & T.* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

70. On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Freedom Mortgage intended its employees or agents to follow.

71. On information and belief, the Plaintiffs allege that Freedom Mortgage's employee or agent did not make a mistake (in the way in which he or she followed Freedom Mortgage's procedures) when he or she received, processed and responded to the Experian and Trans Union's ACDVs and did not include the XB code in the CCC field.

72. On information and belief, the Plaintiffs allege that Freedom Mortgage has not materially changed its FCRA investigation procedures regarding the CCC field in ACDVs after learning of its failures in this case.

73.   As a result of Freedom Mortgage's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), the Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

74.   The violation by Freedom Mortgage was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Freedom Mortgage was negligent, entitling the Plaintiffs to recovery under 15 U.S.C. §1681o.

75.   The Plaintiffs are entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Freedom Mortgage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT FIVE:**
**VIOLATION OF REAL ESTATE AND SETTLEMENT PROCEDURES ACT**
**12 U.S.C. § 2605(e)**
**FREEDOM MORTGAGE**

76.   Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

77.   On one or more occasions within the past two years, by example only and without limitation, Plaintiffs made a qualified written request to Freedom Mortgage insisting that it conduct an investigation to correct inaccurate account information, inaccurate credit reporting, inaccurate charges to their account, and to provide information regarding their loan.

78.   Plaintiffs made qualified written requests in May, 2016.   Plaintiffs' written communications were sent to the address at which they were instructed to send such requests by Freedom Mortgage.

79.   Freedom Mortgage provided no response at all to the Plaintiffs' QWR.

80.   Freedom Mortgage violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), by:

     a.   Failing to timely conduct an appropriate investigation of Plaintiffs' inquiries;

     b.   Failing to conduct any investigation whatsoever regarding Plaintiffs' inquiries;

     c.   Failing to timely provide Plaintiffs with a true and accurate written explanation or clarification of the Plaintiff's legitimate questions regarding his loan;

     d.   Continuing to report information regarding allegedly overdue payments to the national credit bureaus.

81.   As a result of Freedom Mortgage's violations of 12 U.S.C. § 2605(e), the Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

82.   Freedom Mortgage is liable for actual damages in an amount to be determine by the Court pursuant to 15 U.S.C. § 2605(f).

83.   Freedom Mortgage's conduct appears to be a pattern and practice of misconduct with many consumers. Plaintiffs have been victims of this pattern of misconduct. For each violation of 12 U.S.C. § 2605(e), Freedom Mortgage is also liable to Plaintiffs for additional damages up to $1,000 per violation.

84.   Plaintiffs are also entitled to recover costs and attorneys' fees from Freedom Mortgage in an amount to be determined by the Court pursuant to 12 U.S.C. § 2605(f)(3).

WHEREFORE, Plaintiffs each demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

TRIAL BY JURY IS DEMANDED

Respectfully Submitted,
JAMES T. PARKER and
DEBRA L. PARKER

By:____/s/  Leonard A. Bennett_____
Counsel

Leonard A. Bennett, VSB#37523
Craig Marchiando, VSB#89736
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

*Counsel for Plaintiff*