**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)**

| | | |
|---|---|---|
| JAMES T. PARKER, II, <u>et</u> <u>al</u>. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 4:18-cv-00140 |
| | ) | |
| FREEDOM MORTGAGE | ) | |
| CORPORATION, <u>et</u> <u>al</u>., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
<u>OF DEFENDANT, FREEDOM MORTGAGE CORPORATION</u>**

Defendant, Freedom Mortgage Corporation ("Freedom Mortgage"), by counsel, and for its Answer and Affirmative Defenses to the Complaint of Plaintiffs, James T. Parker, II, and Debra L. Parker ("Plaintiffs"), states as follows:

**<u>As to Preliminary Statement</u>**

1.      The allegations contained in this paragraph merely purport to characterize what claims and remedies Plaintiffs are seeking in this action; therefore, no response is required.

**<u>As to Jurisdiction</u>**

2.      The allegations of this paragraph constitute a  legal conclusion to which no response is required.

3.      The allegations of this paragraph constitute a legal conclusion to which no response is required.

**<u>As to Parties</u>**

4.      Admitted only that Plaintiff, James T. Parker, II is a natural person.   The remaining allegation in this paragraph constitutes a legal conclusion to which no response is required.

5.      Admitted only that Plaintiff, Debra L. Parker is a natural person.  The remaining allegation in this paragraph constitutes a legal conclusion to which no response is required.

6.      Denied as stated.  Rather, Freedom Mortgage is a New Jersey corporation, duly authorized to transact business in the Commonwealth of Virginia.  The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

7.      The allegations in this paragraph are directed to Experian, and therefore, no response by Freedom Mortgage is required.   To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

8.      The allegations in this paragraph are directed to Experian, and therefore, no response by Freedom Mortgage is required.   To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

9.      The allegations in this paragraph are directed to Experian, and therefore, no response by Freedom Mortgage is required.   To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

10.      The allegations in this paragraph are directed to Equifax, and therefore, no response by Freedom Mortgage is required.   To the extent that the allegations of these

paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

11.     The allegations in this paragraph are directed to Equifax, and therefore, no response by Freedom Mortgage is required.   To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

12.     The allegations in this paragraph are directed to Equifax, and therefore, no response by Freedom Mortgage is required.   To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

## As to Facts

13.     Admitted, upon information and belief.

14.     Admitted in part, denied in part.  It is admitted only that Plaintiffs' monthly mortgage payment increased from $778.29 to $1,196.96 in or around January, 2016, due to an escrow account shortage.   It is further admitted that Plaintiffs filed a prior action against Freedom Mortgage which was settled without admission of liability on the part of Freedom Mortgage.  The remaining allegations in this paragraph are denied.

15.     Admitted in part, denied in part.  It is admitted only that Plaintiffs and Freedom Mortgage reached a settlement of the previous lawsuit on or about June 2, 2017, without admission of liability on the part of Freedom Mortgage.   The terms of the settlement are expressly stated in that document and to the extent the remaining allegations incorrectly characterize or reflect those terms, Freedom Mortgage responds as follows:  Denied.

16.     Freedom Mortgage lacks information to admit or deny the allegations in this paragraph and therefore responds as follows:  Denied.

17.     Denied.

18.     Denied.

19.     Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

20.     The allegations of this paragraph constitute a legal conclusion to which no response  is required.  To the extent the allegations of this paragraph are deemed factual in nature, Freedom Mortgage admits only that it received a communication from Plaintiffs requesting information concerning their account.  The remaining allegations are denied.

21.     Denied.

22.     Denied.

23.     Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

24.     Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

25.     Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

26.     Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

27.     Denied.

28.     The allegations in this paragraph are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

29.     The allegations in this paragraph are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.  Further responding, Freedom Mortgage denies that it failed and refused to investigate and correct inaccurate reporting and denies that any reporting was inaccurate.

30.     Freedom Mortgage lacks knowledge or information; sufficient to form a belief about the truth of the allegations concerning what information was submitted by Plaintiff. Freedom Mortgage further responds that the information allegedly submitted by Plaintiffs speaks for itself, and any interpretations or characterizations inconsistent therewith are denied.  Further responding, Freedom Mortgage denies that any delinquencies being reported were inaccurate.

31.     Denied that the credit reporting of the subject loan account with Freedom Mortgage was inaccurate.   Furthermore, certain allegations of this paragraph purport to characterize written credit reports, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.   As for allegations

concerning the publishing of any consumer reports to third parties, Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of such allegations contained in this paragraph, and, therefore, they are deemed denied.

**Count One**
**Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681(e)(b)**
**<u>(Experian and Equifax)</u>**

32.     Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

33.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

34.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

35.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

36.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

**Count Two**
**Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681(i)(a)**
**(Experian and Equifax)**

37.     Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

38.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

39.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

40.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

41.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom Mortgage responds as follows:  Denied.

42.     The allegations of this Count of the Complaint are directed to either Experian or Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the

allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom

Mortgage responds as follows:  Denied.

43.     The allegations of this Count of the Complaint are directed to either Experian or

Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the

allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom

Mortgage responds as follows:  Denied.

44.     The allegations of this Count of the Complaint are directed to either Experian or

Equifax, and therefore, no response by Freedom Mortgage is required.  To the extent that the

allegations of these paragraphs could be construed as pertaining to Freedom Mortgage, Freedom

Mortgage responds as follows:  Denied.

**Count Three**
**Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681s-2(b)(1)(A) and (B)**
**(Freedom Mortgage)**

45.      Freedom Mortgage incorporates its responses to the foregoing paragraphs as if

fully set forth herein.

46.     The allegations contained in this paragraph constitute a legal conclusion to which

no answer is required.  To the extent any response is required, Freedom Mortgage responds as

follows: Denied.

47.     The allegations contained in this paragraph constitute a legal conclusion to which

no answer is required.  To the extent any response is required, Freedom Mortgage responds as

follows: Denied.

48.     Admitted only that Freedom Mortgage receives credit history disputes submitted

to consumer reporting agencies through "E-Oscar."  The remaining allegations contained in this

paragraph purport to characterize an automated system used to create and respond to consumer credit history disputes, and any characterizations inconsistent thereof are denied.

49.     The allegations contained in this paragraph purport to characterize an automated system used to create and respond to consumer credit history disputes, and any characterizations inconsistent thereof are denied.

50.     Denied as stated.  Rather, when a consumer disputes credit reporting relating to a Freedom Mortgage account with a consumer reporting agency, it receives that dispute through the E-Oscar system in the form of an "automated credit dispute verification" ("ACDV") form.

51.     Admitted only that Freedom Mortgage reasonably reviewed and investigated Plaintiffs' credit history dispute, and that it properly verified the accuracy of the account trade line reported.  The remainder of the allegations in this paragraph are denied.

52.     Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and, therefore, they are deemed denied.

53.     The allegations of this paragraph contain hypothetical facts to which no response is required.   To the extent any response is required, Freedom Mortgage responds as follows: Denied.

54.     Denied.

55.     Denied.

56.     The allegations contained in this paragraph constitute a legal conclusion to which no answer is required.  To the extent any response is required, Freedom Mortgage responds as follows: Denied.

57.     The allegations contained in this paragraph constitute legal conclusions to which no answer is required.  To the extent any response is required, Freedom Mortgage responds as follows: Denied.

58.     The allegations of this paragraph constitute legal conclusions to which no response is required.

59.     Denied.

60.     Denied as stated.   During the relevant period of time, Freedom Mortgage implemented certain policies and procedures regarding error resolution, including credit reporting and, upon information and belief, such procedures were followed with respect to Plaintiffs' alleged credit reporting disputes.

61.     The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

**Count Four**
**Violation of Fair Credit Reporting Act - 15 U.S.C. § 1681s-2(b)(1)(C) and (D)**
**(Freedom Mortgage)**

62.     Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

63.      The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

64.     The allegations of this paragraph purport to characterize ACDV dispute forms, which are documents in writing that speak for themselves, and any interpretations or

characterizations inconsistent thereof are denied.   To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

65.     Denied.

66.     Denied as stated.   It is admitted only that Freedom Mortgage is aware that Plaintiffs communicated certain disputes regarding the subject account to Freedom Mortgage. Freedom Mortgage responded directly to Plaintiffs regarding those disputes.

67.     The allegations of this paragraph constitute a legal conclusion to which no response is required.   To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

68.     Denied.

69.     Denied.

70.     Denied as stated.   During the relevant period of time, Freedom Mortgage implemented certain policies and procedures regarding error resolution, including credit reporting, and, upon information and belief, such procedures were followed with respect to Plaintiffs' alleged credit reporting disputes.

71.     Freedom Mortgage lacks knowledge or information sufficient to form a belief about the truth of such allegations contained in this paragraph, and, therefore, they are deemed denied.

72.     Denied.  It is denied that Freedom Mortgage caused any "failures in this case" as it relates to Freedom Mortgage's obligations under FCRA.   Further responding, during the relevant period of time, Freedom Mortgage implemented certain policies and procedures regarding error resolution, including through credit reporting and, upon information and belief, such procedures were followed with respect to Plaintiffs' alleged credit reporting disputes.  Such

policies and procedures may be updated from time to time.  At this time, Freedom Mortgage is not aware of any updates to such policies and procedures caused specifically by the allegations made by Plaintiffs in their Complaint.

73.    The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

74.    The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

75.    The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

**Count Five**
**Violation of Real Estate Settlement Procedures Act -12 U.S.C. § 2605(e)**
**(Freedom Mortgage)**

76.    Freedom Mortgage incorporates its responses to the foregoing paragraphs as if fully set forth herein.

77.    The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent that this paragraph could be construed as alleging any facts, Freedom Mortgage responds as follows:  The allegation of this paragraph purport to characterize correspondence allegedly sent to Freedom Mortgage by Plaintiffs, which are documents in writing that speak for themselves, and any interpretations or characterizations inconsistent thereof are denied.

78.     The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent that this paragraph could be construed as alleging any facts, Freedom Mortgage responds as follows:  Denied.

79.     It is denied that Freedom Mortgage failed to respond to any QWR properly sent to the designated address.

80.     (a) – (d) The allegations of this paragraph, including subparagraphs (a) through (d), constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

81.     The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

82.     The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

83.     The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

84.     The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Freedom Mortgage responds as follows:  Denied.

WHEREFORE, Freedom Mortgage states that Plaintiffs are not entitled to any requested relief and respectfully requests judgment in its favor and against Plaintiffs, together with an award of such other and further relief as this Court deems appropriate

## AFFIRMATIVE DEFENSES

Freedom Mortgage asserts affirmative defenses as follows:

### First Affirmative Defense

Plaintiffs have failed to state any claims against Freedom Mortgage upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims may be barred by the doctrines of estoppel, waiver or laches.

### Third Affirmative Defense

Plaintiffs are not entitled to any recovery to the extent their claims are barred the statutes of limitations for claims under FCRA and RESPA.

### Fourth Affirmative Defense

Plaintiffs' claims are barred and/or diminished to the extent that they failed to take proper and reasonable steps to avoid or to mitigate the damages alleged.

### Fifth Affirmative Defense

Plaintiffs' damages are speculative, lack any viable legal basis, and are not causally connected to Freedom Mortgage's alleged credit reporting.

### Sixth Affirmative Defense

Plaintiffs have failed to state any grounds to recover attorneys' fees.

### Seventh Affirmative Defense

Freedom Mortgage complied with the FCRA and RESPA and is entitled to each and every defense stated in the FCRA and RESPA and any and all limitations of liability.

**Eighth Affirmative Defense**

At all relevant times, Freedom Mortgage acted within the absolute and qualified privileges afforded it under FCRA, the Constitution of the United States, applicable state Constitutions, and common law.

**Ninth Affirmative Defense**

Freedom Mortgage's statements, if any, concerning Plaintiffs were true or substantially true.

**Tenth Affirmative Defense**

Plaintiffs' damages are the result of acts or omissions committed by other parties over whom Freedom Mortgage had no responsibility or control.

**Eleventh Affirmative Defense**

Freedom Mortgage did not commit any intentional, willful, or malicious acts.

**Twelfth Affirmative Defense**

With respect to Plaintiffs' demands for punitive damages, Freedom Mortgage incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003).

**Thirteenth Affirmative Defense**

Plaintiffs' written correspondence allegedly sent to Freedom Mortgage was not a "qualified written request" as that term is defined under RESPA.

### Fourteenth Affirmative Defense

Freedom Mortgage established a separate and exclusive office and address for the receipt and handling of qualified written requests, and Plaintiffs' purported QWRs were not sent to that duly designated address.

### Fifteenth Affirmative Defense

Part or all of Plaintiffs' claims may have been released by prior settlement agreement between with Freedom Mortgage.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the consumer reporting agencies failed to notify Freedom Mortgage of Plaintiff's alleged disputes, pursuant to 15 U.S.C. § 1681s-2(b).

### Seventeenth Affirmative Defense

Freedom Mortgage at all times relevant hereto complied with all applicable standards, policies and federal, state and other regulations and laws.

### Eighteenth Affirmative Defense

Freedom Mortgage has at all times acted in good faith to assure the accuracy of information concerning Plaintiffs.

### Nineteenth Affirmative Defense

Freedom Mortgage reserves its right to set forth additional defenses if and when additional facts become known.

### RELIEF REQUESTED

Defendant, Freedom Mortgage Corporation, requests entry of an Order: (a) dismissing the Complaint in its entirety with prejudice, (b) granting judgment in favor of

Freedom Mortgage Corporation and against Plaintiffs, (c) granting Freedom Mortgage such other and further relief as this Court deems necessary and just.

Date: December 4, 2018

Respectfully submitted,

*/s/ Walter Buzzetta*
Walter J. Buzzetta (VSB No. 68006)
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
Tel.: (202) 822-9611
Fax: (202) 822-0140
wbuzzetta@stradley.com

*Counsel for Defendant Freedom Mortgage Corporation*

- 17 -

## <u>CERTIFICATE OF SERVICE</u>

I, Walter J. Buzzetta, hereby certify that the foregoing Answer and Affirmative Defenses was filed using the CM/ECF system and served electronically to all counsel of record.


Date: December 4, 2018

/s/ *Walter Buzzetta*_____
Walter J. Buzzetta
