**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**JAMES T. PARKER, II** and
**DEBRA L. PARKER,**

      **Plaintiffs,**

**v.**                                         **Civil Action No. 4:18cv00140-HCM-DEM**

**FREEDOM MORTGAGE
CORPORATION,** *et al.,*

      **Defendants.**

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to the actions of third parties and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiffs have asserted claims seeking actual, statutory and punitive damages, costs and attorney's fees, pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. and the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* Experian denies

that it violated any of the laws relied on by Plaintiffs and denies that Plaintiffs are entitled to any relief whatsoever against Experian.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

## JURISDICTION

2.       In response to paragraph 2 of the Complaint, Experian admits that Plaintiffs have alleged jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681p, the RESPA, 12 U.S.C. § 2605(f), and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion, which is not subject to denial or admission.

3.       In response to paragraph 3 of the Complaint, Experian admits that Plaintiffs have alleged that personal jurisdiction and venue are proper pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion, which is not subject to denial or admission. Experian further admits that Experian is qualified to do business and conducts business in the Commonwealth of Virginia and that it has a registered agent in the Commonwealth of Virginia. Except as specifically admitted, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies the same.

## PARTIES

4.       In response to paragraph 4 of the Complaint, Experian admits that, upon information and belief, James T. Parker, II is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c).

5.       In response to paragraph 5 of the Complaint, Experian admits that, upon information and belief, Debra L. Parker is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c).

6.      Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7.      In response to paragraph 7 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California, and that it is qualified to do business and conducts business in the Commonwealth of Virginia.  Experian further admits that it has a registered agent in the Commonwealth of Virginia.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 7 of the Complaint.

8.      In response to paragraph 8 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9.      In response to paragraph 9 of the Complaint, Experian admits that it furnishes consumer reports to third parties for monetary fees.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10.      Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11.      Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12.      Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 12 of the Complaint and therefore denies the same.

**FACTS**

13.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 13 of the Complaint and therefore denies the same.

14.     In response to paragraph 14 of the Complaint, Experian admits that Plaintiffs previously filed a lawsuit in this Court regarding their account with Freedom Mortgage Corporation ("Freedom Mortgage").  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 14 of the Complaint as they relate to Experian.  As to the allegations in paragraph 14 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

15.     In response to paragraph 15 of the Complaint, Experian admits that a Notice of Settlement as to Freedom Mortgage was filed in the previous lawsuit on May 15, 2017.  Except as specifically admitted,  Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies the same.

21.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies the same.

22.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 22 of the Complaint and therefore denies the same.

23.     In response to paragraph 23 of the Complaint, Experian admits that it received dispute correspondence from Plaintiffs on or about May 4, 2018, and that it sent Plaintiffs dispute results on or about May 23, 2018, which documents speak for themselves.  As to the allegations in paragraph 23 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

24.     In response to paragraph 24 of the Complaint, Experian admits that it received dispute correspondence from Plaintiffs on or about May 4, 2018, and that it sent Plaintiffs dispute results on or about May 23, 2018, which documents speak for themselves.  As to the allegations in paragraph 24 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

25.     In response to paragraph 25 of the Complaint, Experian admits that it received dispute correspondence from Plaintiffs on or about May 4, 2018, which correspondence speaks for itself.  As to the remaining allegations in paragraph 25, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

26.     In response to paragraph 26 of the Complaint, Experian admits that it received dispute correspondence from Plaintiffs on or about May 4, 2018, which correspondence speaks for itself.  As to the allegations in paragraph 26 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

27.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28.     Experian denies the allegations contained in paragraph 28 of the Complaint as they relate to Experian.  As to the allegations in paragraph 28 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

29.     In response to paragraph 29 of the Complaint, Experian admits that it forwarded Plaintiffs' disputes to Freedom Mortgage through the e-Oscar system on or about May 11, 2018, which sent an ACDV to the data furnisher.  As to the allegations in paragraph 29 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

30.     In response to paragraph 30 of the Complaint, Experian admits that it received correspondence from Plaintiffs on or about May 4, 2018.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint that relates to Experian.  As to the allegations in paragraph 30 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

31.     In response to paragraph 31 of the Complaint, Experian admits that it furnishes consumer reports to third parties.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 31 of the Complaint.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### EXPERIAN and EQUIFAX

32.     Experian incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

33.     Experian denies the allegations contained in paragraph 33 of the Complaint as they relate to Experian.  As to the allegations in paragraph 33 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

34.     Experian denies that Plaintiffs suffered any damages as alleged in paragraph 34 of the Complaint as a result of Experian.  Experian further denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Complaint that relates to Experian.  As to the allegations in paragraph 34 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

35.     Experian denies that its conduct, action, or inaction was willful or negligent as alleged in paragraph 35 of the Complaint.  Experian further denies that Plaintiffs are entitled to any damages whatsoever pursuant to 15 U.S.C. §§ 1681n and 1681o from Experian.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint that relates to Experian.  As to the allegations in paragraph 35 that relate to another

defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

36.     Experian denies that Plaintiffs are entitled to any damages whatsoever pursuant to 15 U.S.C. §§ 1681n and 1681o from Experian.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 36 of the Complaint that relates to Experian.  As to the allegations in paragraph 36 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)**
**EXPERIAN and EQUIFAX**

37.     Experian incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

38.     Experian denies the allegations contained in paragraph 38 of the Complaint as they relate to Experian.  As to the allegations in paragraph 38 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

39.     Experian denies the allegations contained in paragraph 39 of the Complaint as they relate to Experian.  As to the allegations in paragraph 39 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

40.     Experian denies the allegations contained in paragraph 40 of the Complaint as they relate to Experian.  As to the allegations in paragraph 40 that relate to another defendant,

Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

41.     Experian denies that Plaintiffs suffered any damages as alleged in paragraph 41 of the Complaint as a result of Experian.  Experian further denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Complaint that relates to Experian.  As to the allegations in paragraph 41 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

42.     Experian denies that its conduct, action, or inaction was willful or negligent as alleged in paragraph 42 of the Complaint.  Experian further denies that Plaintiffs are entitled to any damages whatsoever pursuant to 15 U.S.C. §§ 1681n and 1681o from Experian.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Complaint that relates to Experian.  As to the allegations in paragraph 42 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

43.     Experian denies that Plaintiffs are entitled to any damages whatsoever pursuant to 15 U.S.C. §§ 1681n and 1681o from Experian.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Complaint that relates to Experian.  As to the allegations in paragraph 43 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

44.     Experian denies that Plaintiffs are entitled to any damages whatsoever pursuant to 15 U.S.C. §§ 1681n and 1681o from Experian.  Experian denies, generally and specifically, each

and every remaining allegation of paragraph 44 of the Complaint that relates to Experian. As to the allegations in paragraph 44 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(A) AND (B)**
**FREEDOM MORTGAGE**

45.     Experian incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

46.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 46 of the Complaint and therefore denies the same.

47.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 47 of the Complaint and therefore denies the same.

48.     In response to paragraph 48 of the Complaint, Experian admits that it uses a dispute processing system called "e-Oscar." Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Complaint that relates to Experian. As to the allegations in paragraph 48 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

49.     In response to paragraph 49 of the Complaint, Experian admits that it communicates disputes of information to data furnishers through the e-Oscar system, which sends an ACDV form to the data furnisher. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 49 of the Complaint that relates to Experian. As to the allegations in paragraph 49 that relate to other defendants,

Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

50.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 50 of the Complaint and therefore denies the same.

51.     In response to paragraph 51 of the Complaint, Experian admits that it forwarded Plaintiffs' disputes to Freedom Mortgage through the e-Oscar system on or about May 11, 2018, which sent ACDV forms to the data furnisher.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 51 of the Complaint that relates to Experian.  As to the allegations in paragraph 51 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

52.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 52 of the Complaint and therefore denies the same.

53.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 53 of the Complaint and therefore denies the same.

54.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 54 of the Complaint and therefore denies the same.

55.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 55 of the Complaint and therefore denies the same.

56.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 56 of the Complaint and therefore denies the same.

57.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 57 of the Complaint and therefore denies the same.

58.     In response to paragraph 58 of the Complaint, Experian states that this is a legal conclusion, which is not subject to denial or admission.

59.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 59 of the Complaint and therefore denies the same.

60.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 60 of the Complaint and therefore denies the same.

61.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 61 of the Complaint and therefore denies the same.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(C) AND (D)**
**FREEDOM MORTGAGE**

62.     Experian incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

63.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 63 of the Complaint and therefore denies the same.

64.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 64 of the Complaint and therefore denies the same.

65.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 65 of the Complaint and therefore denies the same.

66.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 66 of the Complaint and therefore denies the same.

67.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 67 of the Complaint and therefore denies the same.

68.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 68 of the Complaint and therefore denies the same.

69.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 69 of the Complaint and therefore denies the same.

70.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 70 of the Complaint and therefore denies the same.

71.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 71 of the Complaint and therefore denies the same.

72.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 72 of the Complaint and therefore denies the same.

73.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 73 of the Complaint and therefore denies the same.

74.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 74 of the Complaint and therefore denies the same.

75.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 75 of the Complaint and therefore denies the same.

**COUNT FIVE:**
**VIOLATION OF REAL ESTATE AND SETTLEMENT PROCEDURES ACT**
**12 U.S.C. § 2605(e)**
**FREEDOM MORTGAGE**

76.     Experian incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

77.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 77 of the Complaint and therefore denies the same.

78.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 78 of the Complaint and therefore denies the same.

79.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 79 of the Complaint and therefore denies the same.

80.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 80 of the Complaint and therefore denies the same.

81.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 81 of the Complaint and therefore denies the same.

82.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 82 of the Complaint and therefore denies the same.

83.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 83 of the Complaint and therefore denies the same.

84.     Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 84 of the Complaint and therefore denies the same.

In response to the unnumbered paragraph in the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiffs are entitled to judgment against or any relief whatsoever from Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiffs' claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against

Experian and fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
**(Truth/Accuracy Of Information)**

Plaintiffs' claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiffs was true.

### THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### FOURTH AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Experian continues to deny, were the result of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others.

### SIXTH AFFIRMATIVE DEFENSE
**(Punitive Damages)**

Plaintiffs cannot recover against Experian to the extent that their Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiffs cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     That Experian be dismissed as a party to this action;

(3)     For costs of suit and attorneys' fees herein incurred; and

(4)     For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/David N. Anthony*
    David N. Anthony
    Virginia State Bar No. 31696
    *Counsel for Experian Information Solutions, Inc.*
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, VA  23219
    Telephone: (804) 697-5410
    Facsimile: (804) 698-5118
    Email: david.anthony@troutman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of January 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Craig C. Marchiando
CONSUMER LITIGATION ASSOCIATES
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA  23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@ clalegal.com
*Counsel for Plaintiff*

Walter John Buzzetta
STRADLEY RONON STEVENS & YOUNG, LLP
1250 Connecticut Ave., NW, Suite 500
Washington, DC 20036
Telephone: (202) 507-6407
Facsimile: (202) 822-9611
Email: wbuzzetta@stradley.com
*Counsel for Freedom Mortgage Corporation*

John W. Montgomery, Jr.
TRAYLOR MONTGOMERY & ELLIOTT PC
130 E. Wythe Street
Petersburg, VA 23803
Telephone: (804) 861-1122
Facsimile: (804) 733-6022
Email: jmontgomery@tmande.com
*Counsel for Equifax Information Services, LLC*

David M. Gettings
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7747
Facsimile: (757) 687-1545
Email: david.gettings@troutman.com
*Counsel for Experian Information Solutions, Inc.*

*/s/ David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com