IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | | |
|---|---|---|
| JAMES T. PARKER, II, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No: 4:18-cv-00140-HCM-DEM |
| v. | ) | |
| | ) | |
| FREEDOM MORTGAGE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FREEDOM MORTGAGE'S CONFIDENTIAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL

In support for its Motion to Seal, Defendant, Freedom Mortgage Corporation ("Freedom Mortgage"), states as follows:

1.     Freedom Mortgage moves the Court for leave to file under seal portions of its Motion for Protective Order Regarding Confidentiality Designations with supporting documents being filed contemporaneously herewith and in accordance with the Protective Order entered by the Court on June 28, 2019. (Docket No. 20).

2.     Under prevailing law in the Fourth Circuit, there are three requirements for sealing of court filings:  (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *Ashcroft v. Conoco, Inc.*, 218 F. 3d 282, 288 (4th Cir. 2000).

3.     Freedom Mortgage filed its Motion for Protective Order in order to protect the confidential nature of 11 documents produced pursuant to the Protective Order.  Freedom Mortgage contends that each of these documents is confidential, and subject to protection from disclosure.  Freedom Mortgage hereby incorporates by reference its arguments in support of

confirming the confidentiality designations.   Freedom Mortgage should not have to publicly disclose these documents in order to confirm their confidentiality.   Moreover, as demonstrated in the Motion for Protection, each of the documents is confidential, and contains proprietary information.

4.      Freedom Mortgage contends that Exhibits 2 through 12 to the Supporting Declaration of the Motion for Protection, as well as the references to those exhibits in the Motion, contain Freedom Mortgage's confidential and proprietary information.   These documents and related references should be kept confidential.   Failing to seal this information risks the disclosure of Freedom Mortgage's confidential documents which contain proprietary information while the very Motion to confirm their confidentiality is pending.

5.      The public right of access is outweighed by the competing interest in confidentiality.   As noted in Freedom Mortgage's Motion, there is no basis for disclosing the terms of a confidential settlement agreement – indeed, it is in the public interest that such agreements remain confidential.   Furthermore, Freedom Mortgage's Policies and Procedures contain trade secrets and proprietary information.   There is no public need for access to these documents during a private commercial dispute.

6.      Accordingly, there appears to be no alternative that addresses these concerns and appropriately serves the confidentiality.   Furthermore, as noted in Freedom Mortgage's underlying Motion, Plaintiffs have failed to articulate *any* reason that these documents are not confidential.   Plaintiffs are also permitted to use such documents under the Protective Order. Thus, Plaintiffs suffer no prejudice if the Court grants the Motion to Seal.

7.      In support of the Motion to Seal, Freedom Mortgage has provided public notice for comment and objection.

8.     There is no less drastic alternative than sealing these documents while the Court considers the Motion for Protective Order to Regarding Confidentiality Designations. The very purpose of the Motion would be undercut by failure to seal these documents. Freedom Mortgage simply seeks to follow the procedure outlined in the Protective Order in order to ensure confidentiality of these documents.

9.     Freedom Mortgage provides this Court with the findings necessary to grant its Motion to Seal. First, Freedom Mortgage seeks an order of protection from this Court confirming confidentiality designations. In order to seek the Court's assistance, Freedom Mortgage provides these documents, which on their face and by their content confirm their confidential and proprietary nature under Rule 26 and this Court's Protective Order. The Court has already recognized that confidential materials may be produced in this matter, and provided for the least restrictive means for use of these documents in its Protective Order. Any alternative to sealing provides for public disclosure of these confidential documents. Thus, the alternatives should be rejected.

Having met the requirements under for sealing court documents, Freedom Mortgage respectfully requests that the Court grant its Motion to Seal.

Respectfully submitted,

/s/ *Walter Buzzetta*
Walter J. Buzzetta, Esq. (68006)
STRADLEY RONON STEVENS & YOUNG, LLP
1250 Connecticut Avenue, NW, Suite 500
Washington, D.C. 20036
(202) 507-6407 (direct) / (202) 822-0140 (fax)
wbuzzetta@stradley.com

*Attorney for Defendant*
*Freedom Mortgage Corporation*

Date: August 26, 2019

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2019, I caused the foregoing motion to be electronically filed with the Clerk of the Court, which caused it to be served on all counsel of record.

/s/ *Walter Buzzetta*
Walter J. Buzzetta