**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)**

| | | |
|---|---|---|
| JAMES T. PARKER, II, <u>et al</u>. | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 4:18-cv-00140 |
| | ) | |
| FREEDOM MORTGAGE | ) | |
| CORPORATION, <u>et al</u>., | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

---

### MEMORANDUM OF LAW OF DEFENDANT, FREEDOM MORTGAGE CORPORATION, IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

Walter J. Buzzetta, Esq. (68006)
STRADLEY RONON STEVENS & YOUNG, LLP
2000 K, NW, Suite 700
Washington, D.C.  20006
(202) 507-6407 (direct) / (202) 822-0140 (fax)
wbuzzetta@stradley.com

and

Andrew K. Stutzman, Esq. (admitted *pro hac vice*)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 1600
Philadelphia, PA 19103
215-564-8008 (direct) / 215-564-8120 (fax)
astutzman@stradley.com

*Attorneys for Defendant
Freedom Mortgage Corporation*

Dated:  September 13, 2019

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................2

III.    ARGUMENT .......................................................................................................9

        A.      Legal Standard for Motion for Summary Judgment Under Fed. R. Civ. P. 56 .......9

        B.      Plaintiffs' FCRA Claim Fails As A Matter Of Law. .............................................10

                1.      Plaintiffs' Claim For Alleged Failure To Conduct A Reasonable
                        Investigation Is Not Viable Because Freedom Mortgage Furnished
                        Factually Accurate Information About Plaintiffs' Account......................10

                2.      Plaintiffs' FCRA Claim Based On Alleged Failure To Mark Their
                        Account Disputed Also Is Without Merit. .................................................15

                3.      Plaintiffs' FCRA Claim Fails Because Freedom Mortgage Conducted
                        A Reasonable Investigation. ....................................................................16

        C.      Plaintiffs' RESPA Claim Against Freedom Mortgage Fails As A Matter of
                Law. ...........................................................................................................18

                1.      Freedom Mortgage's Conduct Complied With RESPA. ...........................19

                2.      Plaintiffs Have No Actual Damages Under RESPA................................21

                3.      Plaintiffs' Lack of Actual Damages Under RESPA Also Dooms Their
                        Claim For Statutory Damages..................................................................22

                4.      Plaintiffs Have Not Established a Pattern and Practice. ..........................23

IV.     CONCLUSION.....................................................................................................23

# TABLE OF AUTHORITIES

## CASES

*Adams v. Applied Business Security, Inc.*,
   No. 2:17-cv-527, 2018 WL 999678 (E.D. Va. Feb. 21, 2018).............................12

*Alston v. Trident Asset Management, LLC*,
   No. 18-575, 2019 WL 2525378 (D. Md. June 18, 2019) ..................................16

*Alston v. Wells Fargo Home Mortgage*,
   No. 13-1347, 2016 WL 816733 (D. Md. Feb. 26, 2016)............................. 11-14

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).................................................................................9

*Barr v. Flagstar Bank, FSB*,
   303 F. Supp. 3d 400 (D. Md. 2018)...................................................................19

*Bates v. JPMorgan Chase Bank, N.A.*,
   768 F.3d 1126 (11th Cir. 2014) .......................................................................19

*Bauer v. Target Corp.*,
   No. 8:12-cv-978, 2013 WL 12155951 (M.D. Fla. June 19, 2013)....................15

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)................................................................................. 9-10

*Chiang v. Verizon New England, Inc.*,
   595 F.3d 26 (1st Cir. 2010)......................................................................... 11-14

*Conant v. Wells Fargo Bank, N.A.*,
   60 F. Supp. 3d 99 (D. D.C. 2014).............................................................. 18-19

*Davis v. Deutsche Bank Nat'l Tr. Co.*,
   No. CV 16-5382, 2017 WL 6336473 (E.D. Pa. Dec. 12, 2017).........................22

*Dickens v. Trans Union Corp.*,
   18 Fed. Appx. 315 (6th Cir. 2001)....................................................................16

*Eslick v. Cenlar*,
   No. 2:17-cv-381, 2017 WL 4836541 (E.D. Va. Oct. 3, 2017).................... 20-21

*Figueroa v. HSBC Bank USA, N.A.*,
No. 1:16-CV-0893, 2017 WL 1185263 ................................................................22

*Galante v. Ocwen Loan Servicing LLC*,
No. 13-1939, 2014 WL 3616354 (D. Md. July 18, 2014) ..................................22

*Garland v. Marine Credit Union*,
Civ. A. No. 18-C-270, 2018 WL 5313769 (E.D. Wisc. Oct. 26,
2018) ................................................................................................................12

*Gorman v. Wolpoff & Abramson, LLP*,
584 F.3d 1147 (9th Cir. 2009) ..........................................................................15

*Harrell v. Caliber Home Loans, Inc.*,
995 F. Supp. 2d 548 (E.D. Va. 2014) ......................................................... 10-11

*Haynes v. Navy Federal Credit Union*,
52 F. Supp. 3d 13 (D. D.C. 2014) ......................................................................12

*Herrell v. Chase Bank USA, N.A.*,
218 F. Supp. 3d 788 (D. Wis. 2016) ..................................................................13

*Hunt v. JP Morgan Chase Bank, N.A.*,
No. 17-cv-62094, 2018 WL 1183357 (S.D. Fl. Feb. 26, 2018) ........................13

*Kelly v. SunTrust Bank*,
No. 3:14-cv-121, 2016 WL 775781 (E.D. Va. Feb. 25, 2016)............... 11-12, 17

*Leones v. Rushmore Loan Mgmt. Servs, LLC*,
Civ. A. No. 17-CV-61216, 2017 WL 6343622 (S.D. Fl. Dec. 11,
2017) ................................................................................................................13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ..........................................................................................10

*McCray v. Bank of Am., Corp.*,
No. 14-02446, 2015 WL 3487750 (D. Md. June 1, 2015) .................................20

*Mejia v. Ocwen Loan Servicing, LLC*,
703 F. App'x 860 (11th Cir. 2017) ....................................................................21

*Offiah v Bank of America, N.A.*,
No. 13-2266, 2014 WL 4295020 (D. Md. Aug. 29, 2014)..................................21

*Perron on behalf of of Jackson v. J.P. Morgan Chase Bank, N.A.*,
   845 F.3d 852 (7th Cir. 2017) ...............................................................................23

*Perry v. Toyota Motor Credit Corp.*,
   No. 1:18-cv-34, 2019 WL 332813 (E.D. Va. Jan. 25, 2019) .............................11

*Saunders v. Branch Banking and Trust Co. of Virginia*,
   526 F.3d 142 (4th Cir. 2008) ....................................................................... 15-16

*Shealy v. Winston*,
   929 F.2d 1009 (4th Cir. 1991) .............................................................................9

*Short v. Experian Information Sys., Inc.*,
   No. 2:16-cv-09294, 2017 WL 2296887 (S.D. W. Va. May 25,
   2017) ...................................................................................................................12

*Vaughan v. Wells Fargo Bank, N.A.*,
   No. 6:15-CV-00038, 2016 WL 2901752 (W.D. Va. May 18, 2016) .................22

*Wadley v. Ford Motor Credit Co.*,
   397 F. Supp. 2d 781 (E.D. Va. 2005) ........................................................... 11-12

*Williams v. Griffin*,
   952 F.2d 820 (4th Cir. 1991) .............................................................................10

*Zahran v. Bank of America, N.A.*,
   No. 15-1968, 2016 WL 826402 (N.D. Ill. Mar. 3, 2016) ...................................13

## <u>STATUTES</u>

12 U.S.C. §2605 .........................................................................................................18, 22

15 U.S.C. § 1681i(a)(1) ....................................................................................................16

15 U.S.C. § 1681s–2(a)(3) ................................................................................................15

15 U.S.C. § 1681s-2(b) ........................................................................................10-11, 15-16

Defendant, Freedom Mortgage Corporation ("Freedom Mortgage"), submits this Memorandum of Law in support of its Motion for Summary Judgment under Federal Rule of Civil Procedure Rule 56.

## I.     <u>INTRODUCTION</u>

Plaintiffs assert claims against Freedom Mortgage for alleged violations of the Fair Credit Reporting Act ("FCRA") and Real Estate Settlement Procedures Act ("RESPA"). Plaintiffs' claims are grounded upon allegations that Freedom Mortgage, the servicer for Plaintiffs' mortgage loan, failed to conduct a reasonable investigation and correct allegedly inaccurate information it furnished to the credit reporting agencies (the "CRAs") regarding a delinquency on Plaintiffs' mortgage loan account. Specifically, Freedom Mortgage provided information to the CRAs that Plaintiffs were delinquent beginning June 2017 when Plaintiffs failed to pay the amount required to bring their account current ██████████████████████████████████ ████████████████████████████████████ Plaintiffs were delinquent at that time because they had failed to pay increased monthly payments beginning in early 2016 through June 2017. Freedom Mortgage notified Plaintiffs and their counsel in writing of the amount required to bring their account current as of June 2017. Plaintiff nevertheless failed to make the payments, remained delinquent on their account, and were accurately reported as delinquent by Freedom Mortgage to the CRAs.

The Court should enter summary judgment in favor of Freedom Mortgage on Plaintiffs' FCRA claim because it fails as a matter of law. To prevail on this claim, Plaintiffs must prove, inter alia, that the information Freedom Mortgage furnished to the CRAs was factually inaccurate. Plaintiffs cannot do so. The undisputed facts of record demonstrate that Plaintiffs were delinquent due to their failure to pay the amount required to bring their account current. As

such, Freedom Mortgage can have no liability under the FCRA because the information it furnished was factually accurate. The Court should therefore enter summary judgment in favor of Freedom Mortgage on Plaintiff's FCRA claims.

Plaintiffs' RESPA claim, which is based on allegations that Freedom Mortgage failed to respond to their Qualified Written Request ("QWR") for documents and information relating to their account, fares no better. As a threshold matter, Freedom Mortgage provided a complete response to the QWR in compliance with RESPA. Second, Plaintiffs have presented no evidence that they sustained any harm caused by the purported RESPA violation, which mandates the dismissal of their claims for actual and statutory damages under the statute. Finally, Plaintiffs cannot show that Freedom Mortgage engaged in a "pattern or practice" of conduct, as required in order to recover statutory damages for a RESPA violation.

Because there is no disputed issue of material fact, Freedom Mortgage is entitled to summary judgment on Plaintiff's FCRA and RESPA claims for the reasons demonstrated below

## II.   <u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

1.    Plaintiffs are the owners of the property located at 827 Chatsworth Drive, Newport News, Virginia 23601.

2.    On November 2, 2012, Plaintiffs entered into a mortgage loan (the "Loan") evidenced by an Adjustable Rate Note in the amount of $178,541. Compl. at ¶13; Declaration of Tanya Tarver in Support of Freedom Mortgage's Motion ("Tarver Dec.") at ¶ 4; Declaration of Walter Buzzetta in Support of Freedom Mortgage's Motion ("Buzzetta Dec.") ¶ 3, Ex. 1 at p. F00554.[2]

---

[2] Exhibit 1 to the Buzzetta Declaration contains the relevant excerpts and exhibits from the deposition of Plaintiff, James T. Parker II. There are 5 deposition exhibits included in Exhibit 1 to the Buzzetta Declaration. The deposition exhibits immediately follow the deposition excerpts and are referenced by their bates number.

3.    The Adjustable Rate Note provided that interest would initially be charged at a yearly rate of 2.5%.  Buzzetta Dec. ¶ 3, Ex. 1 at F00554.  The Adjustable Rate Note further provided that "the interest rate I pay may change on the 1st of January, 2016, and on that day every 12th month thereafter."  Id.  The Adjustable Rate Note further provided how interest rate changes could would be calculated, the limits on any changes, the effective date of each change, and how Plaintiffs would be provided notice of any change.

4.     The Adjustable Rate Note expressly provided that Plaintiffs would "pay the new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.  Buzzetta Dec. ¶ 3, Ex. 1 at F00555.

5.    Plaintiffs understood that the interest rate could change annually under their Note when they signed it.  Buzzetta Dec. ¶ 3, Ex. 1 at 65:10-14; 108:8-109:6; 110:20-111:16; Buzzetta Dec. ¶ 4, Ex. 2 at 16:16-17:1.

6.    Plaintiffs admit that they were bound by the terms of the Note.  Buzzetta Dec. ¶ 4, Ex. 2 at  29:4-8.

7.    The Deed of Trust expressly provides:

> Funds for Escrow Items.  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of payment of Mortgage Insurance premiums in accordance with the provisions of Section 10.  These items are called "Escrow Items."
>
> ….
>
> ***Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or***

3

> ***all Escrow Items***.  Lender may waive Borrower's obligation to pay
> Lender Funds for any or all Escrow Items at any time.  Any such
> waiver may only be in writing.
>
> ….
>
> Lender shall estimate the amount of Funds due on the basis of
> current data and reasonable estimates of expenditures of future
> Escrow Items or otherwise in accordance with Applicable Law.

Buzzetta Dec. ¶ 3, Ex. 1 at F00265-6 (emphasis added).

8.     The Deed of Trust further expressly provides that:  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late fees due under the Note.  Borrower shall also pay funds for Escrow Items pursuant to Section 3.  Id.

9.     Plaintiffs understood that they were responsible for paying the escrow amount, and that it could change over time.  Buzzetta Dec. ¶ 3, Ex. 1 at 75:14-2; 123:14-22.

10.     On December 15, 2015, Freedom Mortgage notified Plaintiffs that their monthly payment was increasing from $778.29 to $1,196.96, effective February 1, 2016.  The $418.67 monthly increase covered an increase in monthly escrow payments.  Tarver Dec. ¶ 5, Ex. 1.

11.     Despite the increase payment amount, Plaintiffs only sent in the prior monthly payment amount of $778.29 for February 2016.  Tarver Dec. ¶ 6, Ex. 2; Buzzetta Dec. ¶ 3, Ex. 1 at p. Plaintiff #000669; Buzzetta Dec. ¶ 3, Ex. 1 at 80:22-24; 81:11-15; Buzzetta Dec. ¶ 4, Ex. 2 at 52:17-53:7.

12.     On March 15, 2016, Freedom Mortgage notified Plaintiffs their monthly payment was decreasing to $888.06.  This was a result of the decrease in the monthly escrow amount to $182.60.  Tarver Dec ¶ 7, Exs. 3 and 4.

13.    Plaintiffs, however, continued to only pay $778.29 monthly.  In fact, Plaintiffs did not increase their monthly payment until June 12, 2017. Tarver Dec. ¶ 9, Ex. 2; Buzzetta Dec. ¶ 3, Ex. 1 at Plaintiff #000669.

14.    Accordingly, Plaintiffs were delinquent and in default on their account.

15.    On December 15, 2016, Freedom Mortgage notified Plaintiffs their interest rate was increasing under the terms of their Note and Deed of Trust.  As a result of the interest rate increase, the monthly payment increased from $888.06 to $908.67.  Tarver Dec. ¶ 8, Ex. 5.

16.    Again, despite the increased interest rate, Plaintiffs failed to increase their monthly payment.  Tarver Dec. ¶ 9, Ex. 2; Buzzetta Dec. ¶ 3, Ex. 1 at Plaintiff #000669; Buzzetta Dec. ¶ 3, Ex. 1 at 80:22-24; 81:11-15; Buzzetta Dec. ¶ 4, Ex. 2 at 52:17-53:7; Buzzetta Dec. ¶ 7, Ex. 5 at p. 12.

17.    From January 2016 to June 2017, Plaintiffs failed to pay the monthly amount due. Buzzetta Dec. ¶ 3, Ex. 1 at Plaintiff #000669; Buzzetta Dec. ¶ 3, Ex. 1 at 80:22-24; 81:11-15; 155:20-156:24; Buzzetta Dec. ¶ 4, Ex. 2 at 17:25-18:8; 32:8-23; 34:17-22; 52:17-53:7.

18.    Plaintiffs filed suit against Freedom Mortgage and credit reporting agencies in October 2016.  At that time, Plaintiffs alleged that Freedom Mortgage had improperly reported Plaintiffs delinquent and violated the Fair Credit Reporting Act.  Buzzetta Dec. ¶ 5, Ex. 3.







27.     Plaintiffs admit that their counsel never contacted Freedom Mortgage either directly, or through their counsel, to dispute the outstanding amount. Buzzetta Dec. ¶ 7, Ex. 5 at p. 3-10; Buzzetta Dec. ¶ 6, Ex. 4 at p. 6-14; Buzzetta Dec. ¶ 3, Ex. 1 at 138:9-22.

28.     Plaintiffs admit that they have no reason to believe that this billing of an outstanding amount of $599.30 was inaccurate.  Buzzetta Dec. ¶ 3, Ex. 1 at 130:24-131:23; 137:4-12.  Plaintiffs have no evidence that they were not in default at this time.  Buzzetta Dec. ¶ 7, Ex. 5 at p. 19.

29.     Plaintiffs did not dispute that the June 2017 payment amount was $888.06, and paid that amount on June 12, 2017.  Buzzetta Dec. ¶ 3, Ex. 1 at Plaintiff #000672.

30.     Plaintiffs did not dispute that the new monthly payment was $818.48, and paid that amount on July 12, 2017 and August 11, 2017 Buzzetta Dec. ¶ 3, Ex. 1 at Plaintiff #000672.

31.     Plaintiffs admit that they never paid the $559.30 to bring the account current. Buzzetta Dec. ¶ 3, Ex. 1 at 89:8-90:1.

32.     On August 28, 2017, Freedom Mortgage sent a monthly statement to Plaintiffs which confirmed their new monthly payment was $818.48.  The Statement further confirmed that Plaintiffs were delinquent in the amount of $544.30.  Tarver Dec. ¶ 10, Ex .6.

33.    On August 28, 2017, Freedom Mortgage sent separate notices via certified mail to both Plaintiffs confirming that $544.30 was required to bring their account current.  Tarver Dec. ¶ 11, Exs. 7 & 8.

34.    Both Plaintiffs received the notices.  Buzzetta Dec. ¶ 7, Ex. 5 at p. 3.

35.    Plaintiffs sent a Qualified Written Request to Freedom Mortgage on April 30, 2018, in which Plaintiffs stated they believed the mortgage statements indicating they were delinquent "to be inaccurate."  Freedom Mortgage received the QWR on or about May 3, 2018.

36.    Plaintiffs admit that they did not dispute the outstanding amount required to bring the account current with Freedom Mortgage prior to this correspondence.  Buzzetta Dec. ¶ 3, Ex. 1 at 145:19-23.

37.    Freedom Mortgage sent a letter acknowledging the request on May 4, 2018. Tarver Dec. ¶ 15; Ex. 9.

38.    Freedom Mortgage responded to Plaintiffs on May 9, 2018, and forwarded a complete payment history for the account.  Tarver Dec. ¶ 16, Ex. 10.

39.    Plaintiffs filed the instant Complaint on November 6, 2018.

40.    Plaintiffs offer no evidence which establishes that they were not in default and delinquent on their account since June 2017.  Buzzetta Dec. ¶ 7, Ex. 5 at p. 19; Buzzetta Dec. ¶ 6, Ex. 4 at p. 22.

41.    To date, the only evidence offered by Plaintiffs that they did not owe $599.30 after June 2017 is to refer to a "Customer Account Activity."  Buzzetta Dec. ¶ 7, Ex. 5 at p. 20.

42.    However, Plaintiffs fail to explain how that statement establishes that the balance was not owed.   Buzzetta Dec. ¶ 3, Ex. 1 at 130:24-131:23.

43.     Plaintiffs offer no evidence which establishes that Freedom Mortgage's reporting was inaccurate.  Buzzetta Dec. ¶ 7, Ex. 5 at p. 19; Buzzetta Dec. ¶ 6, Ex. 4 at p. 21.

44.     Plaintiffs entire contention that Freedom Mortgage's credit reporting was inaccurate is based on their contention that Plaintiffs "contend that any time that Freedom [Mortgage] reported to the Credit Reporting Agencies that they were delinquent in the payment of their mortgage, the reporting was grossly inaccurate." Buzzetta Dec. ¶ 6, Ex. 4 at p. 15-16.

45.     Despite this dispute, Plaintiffs admit that their current credit scores of approximately 816 and 802 are exceptional.  Buzzetta Dec. ¶ 3, Ex. 1 at 104:2-105:21.

## III.   ARGUMENT

### A.     Legal Standard for Motion for Summary Judgment Under Fed. R. Civ. P. 56

Rule 56 of the Federal Rules of Civil Procedure allows a court to grant summary judgment where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A disputed fact is 'material' only if it would affect the outcome of the suit as determined by the substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  For a dispute to qualify as "genuine," the evidence must be such that "a reasonable jury could return a verdict in favor of the nonmoving party."  *Id.*  In determining whether an issue of fact exists, the court must view the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).

Once the moving party has met its burden, the nonmoving party must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring

trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The nonmoving party may not rest on the allegations or denials in his complaint or other pleadings, but must come forward with affidavits or other verified evidence showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish an essential element of the party's claim on which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

### B.   Plaintiffs' FCRA Claim Fails As A Matter Of Law.

Plaintiffs allege that Freedom Mortgage violated § 1681s-2(b) in two ways.   First, Plaintiffs claim that Freedom Mortgage failed to conduct a reasonable investigation of their dispute and correct inaccurate information it furnished about their account.   Second, Plaintiffs allege that Freedom Mortgage violated the statute by not marking their account as disputed after it received notice of the disputes they submitted to the CRAs.   As demonstrated in the sections that follow, Freedom Mortgage is entitled to summary judgment on Plaintiffs' claims because they fail as a matter of law.

### 1.   Plaintiffs' Claim For Alleged Failure To Conduct A Reasonable Investigation Is Not Viable Because Freedom Mortgage Furnished Factually Accurate Information About Plaintiffs' Account.

The FCRA requires furnishers of credit information, such as Freedom Mortgage, to provide accurate information to credit reporting agencies, to correct inaccuracies, and to investigate disputed information upon notice from a credit reporting agency.   *See* 15 U.S.C. § 1681s-2(b).   To prevail on a claim against a furnisher under 15 U.S.C. § 1681s-2(b), a plaintiff must prove, inter alia, that the furnisher failed conduct a reasonable investigation after it received notice of a dispute.   *Harrell v. Caliber Home Loans, Inc.*, 995 F. Supp. 2d 548, 554 n.4 (E.D. Va.

2014).  A furnisher has no liability under the FCRA merely for providing inaccurate information. *Id.* (the FCRA does not provide a "private right of action for a credit furnisher's alleged failure to report accurate information.")  Plaintiffs bringing a § 1681s-2(b)(1) claim must show that "the furnisher provided inaccurate information." *Perry v. Toyota Motor Credit Corp.*, 1:18-cv-34, 2019 WL 332813, at *7 (E.D. Va. Jan. 25, 2019).  Rather, liability can only attach if the furnisher "failed to conduct a reasonable investigation of a consumer's dispute after being notified of a dispute directly by a credit reporting agency." *Harrell*, 995 F. Supp. 2d at 554 n.4. The burden of showing the investigation was unreasonable is on the plaintiff. *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 37 (1st Cir. 2010).

Because the FCRA is designed to prevent the "compilation and dissemination of inaccurate credit information," a plaintiff cannot prevail on a claim against a furnisher for failure to conduct a reasonable investigation without first making "a showing of actual inaccuracy" in the factual information the furnisher supplied. *Chiang*, 595 F.3d at 38; *see also Alston v. Wells Fargo Home Mortgage*, No. 13-1347, 2016 WL 816733 at *3 (D. Md.  Feb. 26, 2016) (entering summary judgment in favor of a furnisher because information provided to CRAs was factually accurate).  A plaintiff therefore must offer evidence that the furnisher provided inaccurate information to state a viable claim. *Wadley v. Ford Motor Credit Co.*, 397 F. Supp. 2d 781, 783 (E.D. Va. 2005) (granting summary judgment where plaintiff failed to allege any inaccuracy in the credit reporting); *see also Kelly v. SunTrust Bank*, No. 3:14-cv-121, 2016 WL 775781, at *4-5 (E.D. Va. Feb. 25, 2016) (granting summary judgment where plaintiff failed to establish that delinquent reporting was inaccurate).  Where a plaintiff is delinquent in the months in which a furnisher reports him delinquent, summary judgment is appropriate on a § 1681s-2(b) claim. *Kelly*, 2016 WL 775781,. at *5.

Applying this well-established law, courts in this Circuit routinely hold that the furnishing of factually accurate information, in and of itself, is dispositive of a claim brought by a plaintiff claiming that the furnisher failed to conduct a reasonable investigation. *See Id.*, *Wadley v. Ford Motor Credit Co.*, 397 F. Supp. 2d 781, 783 (E.D. Va. 2005) (granting summary judgment where plaintiff failed to allege any inaccuracy in the credit reporting); *Alston v. Wells Fargo Home Mortgage*, No. 13-1347, 2016 WL 816733 at *3 (D. Md. Feb. 26, 2016) (entering summary judgment in favor of a furnisher because information provided to CRAs was factually accurate); *Adams v. Applied Business Security, Inc.*, No. 2:17-cv-527, 2018 WL 999678 at *4 n.3 (E.D. Va. Feb. 21, 2018) (confirming that accuracy is a defense to 1681s-2(b) claims); *Haynes v. Navy Federal Credit Union*, 52 F. Supp. 3d 13, 20 (D. D.C. 2014) (granting summary judgment in favor of a furnisher on a FCRA claim where the reported information was accurate); *Short v. Experian Information Sys., Inc.*, No. 2:16-cv-09294, 2017 WL 2296887 at *3 (S.D. W. Va. May 25, 2017) (noting that a borrower must make a claim that the credit reporting information is inaccurate or incomplete).

It also is well-settled that to prove the requisite factual inaccuracy under the FCRA, the plaintiff must make a "showing [of] *factual inaccuracy*, rather than the existence of disputed legal questions." *See Chiang*, 595 F.3d at 38 (emphasis in original). This is so because "furnishers are neither qualified nor obligated to resolve matters that "turn[ ] on questions that can only be resolved by a court of law." *Id.* (internal citations and quotations omitted). Courts thus routinely enter summary judgment in favor of a furnisher when the information it provided was factually accurate and the alleged inaccuracy is based merely on a disputed legal question. *Garland v. Marine Credit Union*, Civ. A. No. 18-C-270, 2018 WL 5313769 at *4 (E.D. Wisc. Oct. 26, 2018) (summary judgment in favor of furnisher because "the dispute in this case is not

over a factual inaccuracy in Defendants' reporting but rather a legal dispute regarding the impact the Chapter 128 proceeding had on Garland's debt overall."); *Alston*, 2016 WL 816733 at *3 (summary judgment in favor of furnisher because information it supplied was factually accurate and furnisher was not required to resolve disputed legal issue).[3]

Here, the Court should enter summary judgment in favor of Freedom Mortgage because the information it furnished about Plaintiffs' account was factually accurate.  Plaintiffs failed to pay the increased monthly payments from January 2016 through May 2017.  Statement of Undisputed Facts at ¶¶ 11-17.  Those insufficient payments resulted in a $559.30 balance required to bring Plaintiffs' account current as of June 2017.  Id. at ¶¶ 22, 28, 31.  Freedom Mortgage notified Plaintiffs and their counsel of this outstanding balance, and neither raised a concern.  Id. at ¶¶ 22-27.  Freedom Mortgage therefore accurately notified the CRAs that Plaintiffs were delinquent.  Despite receiving multiple written notices from Freedom Mortgage regarding the outstanding amount and the resulting delinquency, Plaintiffs failed to pay a sufficient amount to bring their account current. Id. at ¶¶ 31-34.   Based on these undisputed facts, Freedom Mortgage cannot, as a matter of law, have any liability to Plaintiffs under the FCRA.   The information Freedom Mortgage furnished was factually accurate because Plaintiffs were delinquent on their mortgage loan.  Consequently, Freedom Mortgage has no liability under the FCRA for failure to conduct a reasonable investigation because the information it furnished

---

[3] *Hunt v. JP Morgan Chase Bank, N.A.*, No. 17-cv-62094, 2018 WL 1183357 at *4 (S.D. Fl. Feb. 26, 2018) (granting motion to dismiss in favor of furnisher because claim involved a disputed legal issue and not a factual inaccuracy); *Leones v. Rushmore Loan Mgmt. Servs, LLC*, Civ. A. No. 17-CV-61216, 2017 WL 6343622 at *3 (S.D. Fl. Dec. 11, 2017) (same); *Herrell v. Chase Bank USA, N.A.*, 218 F. Supp. 3d 788, 793 (D. Wis. 2016) (summary judgment in favor of furnisher because dispute involved a contested legal issue, not a factual inaccuracy); *Zahran v. Bank of America, N.A.*, No. 15-1968,  2016 WL 826402, at * (N.D. Ill. Mar. 3, 2016) (dismissing FCRA claim against furnisher because "[i]t is clear from plaintiffs' allegations that the dispute in this case, as in Chiang, is not over factual inaccuracies; it is over how defendant or its predecessors interpreted certain transactions or agreements with plaintiffs.").

about Plaintiffs' account was factually accurate.   *Chiang*, 595 F.3d at 38; *Alston*, 2016 WL 816733 at *3.

Simply put, Plaintiffs' claim against Freedom Mortgage under the FCRA cannot withstand summary judgment because it does not arise from the reporting of factually inaccurate information.   Rather, Plaintiffs' FCRA claim, at best, is based on their contention that Freedom Mortgage billed improper amounts.   However, Plaintiffs have offered no evidence in support of this claim. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████   Accordingly any disagreement by Plaintiffs with the amount due as of June 2017 does not give rise to a factual inaccuracy under the FCRA.   As such, it does not give rise to a claim for failure to conduct a reasonable investigation under the FCRA.   *See Chiang*, 595 F.3d at 38; *see also Alston*, 2016 WL 816733 at *3.

In sum, Plaintiffs' FCRA claim against Freedom Mortgage for failure to conduct a reasonable investigation fails as a matter of law.   Plaintiffs cannot dispute that as a factual matter they were delinquent on their account as of July 2017 and Freedom Mortgage furnished information to the CRAs reporting that they were delinquent during this time period.   Freedom Mortgage thus can have no liability to Plaintiffs under the FCRA as a matter of law.

Accordingly, the Court should enter summary judgment in favor of Freedom Mortgage and against Plaintiffs.

        **2.**     **Plaintiffs' FCRA Claim Based On Alleged Failure To Mark Their Account Disputed Also Is Without Merit.**

Plaintiffs also allege that Freedom Mortgage violated the FCRA because it did not mark their account disputed after it received notice of the dispute from the CRAs.  According to Plaintiffs, Freedom Mortgage was required under 15 U.S.C. § 1681s–2(a)(3) to mark their account disputed.  That provision provides that "[i]f the completeness or accuracy of any information furnished by any person to any [CRA] is disputed to such person by a consumer, the person may not furnish the information to any [CRA] without notice that such information is disputed by the consumer."  15 U.S.C. § 1681s–2(a)(3).

Although there is no private right of action under 15 U.S.C. § 1681s–2(a)(3), courts have found that a furnisher's failure to comply with its requirements can give rise to liability under 15 U.S.C. § 1681s-2(b).  *Saunders v. Branch Banking and Trust Co. of Virginia*, 526 F.3d 142, 148-49 (4th Cir. 2008).  A furnisher, however, is not required to mark an account disputed if the information it provided is factually accurate and the dispute is neither meritorious nor bona fide.  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("[A] furnisher does not report "incomplete or inaccurate" information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute . . . . It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b)."); *see also Bauer v. Target Corp.*, No. 8:12-cv-978, 2013 WL 12155951 at *10 (M.D. Fla. June 19, 2013) ("[I]f the furnisher is reporting accurate information

and the consumer's dispute is neither meritorious nor bona fide, the furnisher has no duty to report a dispute.").

Here, Plaintiffs' claim that Freedom Mortgage is liable under the FCRA for failure to mark their account as disputed is without merit.  As demonstrated in section III.B.1 *supra*, the information Freedom Mortgage furnished about Plaintiffs' account was factually accurate.  The dispute that Plaintiffs raised does not, because it cannot, challenge or change the factual accuracy of the furnished information. Rather, Plaintiffs merely alleged, without supporting evidence, that they were not delinquent on their account.   However, wishing did not make it so.   As demonstrated, Plaintiffs failed to bring their account current as of June 2017.  Indeed, Plaintiffs failed to provide sufficient payments beginning in January 2016 after failing to pay the required increased interest and escrow as required under the Note and Deed of Trust.  As such, Freedom Mortgage had no obligation to mark Plaintiffs' account as disputed because the information it furnished was accurate and Plaintiffs did not raise or submit a meritorious or bona fide dispute. The Court should therefore enter summary judgment on Plaintiffs' claim under the FCRA based on Freedom Mortgage's alleged failure to mark their account as disputed.

### 3.      Plaintiffs' FCRA Claim Fails Because Freedom Mortgage Conducted A Reasonable Investigation.

Even if Plaintiffs could establish an inaccuracy in Freedom Mortgage's reporting, their FCRA claim would still fail, as Freedom Mortgage conducted a reasonable investigation.  The FCRA does not specifically define "reasonable reinvestigation." *See* 15 U.S.C. §§ 1681i(a)(1), 1681s-2(b)(1)(A). Nonetheless, numerous courts have held that where CRAs and furnishers follow the ACDV process, they have conducted a reasonable reinvestigation. *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 151 (4th Cir. 2008) (detailing the seriousness with which

CRAs take ACDVs); *Dickens v. Trans Union Corp.*, 18 Fed.Appx. 315, 319 (6th Cir. 2001) (denying a FCRA claim where the furnisher and CRAs followed the ACDV process).  When the information provided to a furnisher suggests that a consumer is disputing a debt generally, without specific claims as to why a reported debt is inaccurate, the furnisher satisfies its duty to conduct a reasonable investigation by verifying that the information in its records is identical to that provided by a credit reporting agency.  *Alston v. Trident Asset Management, LLC*, No. 18-575, 2019 WL 2525378, at *4 (D. Md.  June 18, 2019).   Where a furnisher responds to the dispute with the ACDV process and their investigation confirms accurate reporting, a furnisher has conducted a reasonable investigation, and summary judgment in favor of the furnisher is warranted. *Kelly v. SunTrust Bank*, No. 3:14-cv-121, 2016 WL 775781, at *4 (E.D. Va. Feb. 25, 2016).

Here, as was the case in *Kelly*, Freedom Mortgage accurately reported the delinquent account.  Freedom Mortgage was notified of Plaintiffs' dispute from the CRAs through the ACDV process.  Compl. ¶¶ 48-55.  As part of the ACDV process, Freedom Mortgage reviewed the dispute which merely stated that Plaintiffs had not been late with a payment, and were not delinquent.  Freedom Mortgage conducted an investigation of Plaintiffs' account, including a review of the payment history.  The investigation confirmed the delinquent status and Plaintiffs failure to bring the account current after June 2017.  Freedom Mortgage further reviewed the credit reporting which accurately reflected the 30 days delinquent status since that time.  Accordingly, Freedom Mortgage confirmed its reporting to the CRAs.  There is no evidence that Freedom Mortgage acted unreasonably in this process.  Plaintiffs cannot sustain a claim under the FCRA for failure to mark their account as disputed, as there was no bona fide dispute.

**C.      Plaintiffs' RESPA Claim Against Freedom Mortgage Fails As A Matter of Law.**

Plaintiff alleges in Count IV of the Complaint that Freedom Mortgage purportedly violated RESPA by: (1) failing to timely conduct an appropriate investigation of Plaintiffs' inquiries; (2) failing to conduct any investigation whatsoever regarding Plaintiffs' inquiries; (3) failing to timely provide Plaintiffs with a true and accurate written explanation of clarification of Plaintiffs' legitimate questions regarding their loan; and (4) continuing to report information regarding allegedly overdue payments to the national credit bureaus.. Compl. ¶ 80.

As a threshold matter, 12 U.S.C. §2605 does not provide a private right of action for the conduct Plaintiff complains of with the exception of his claim that Freedom Mortgage did not properly investigate and respond to his QWR.  12 U.S.C. §2605.  Under 12 U.S.C.§ 2605(e)(2), a servicer must respond to a qualified written request from a borrower within 30 days of receipt. Specifically, the servicer is required:

> after conducting an investigation, [to] provide the borrower with a written explanation or clarification that includes—(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2)(B).

To state a claim under 12 U.S.C. § 2605(e)(2)(B), the plaintiff must demonstrate that:  (1) a QWR was made; (2) the servicer failed to perform its duties under RESPA in response to the QWR; and (3) the plaintiff suffered damages.  *Conant v. Wells Fargo Bank, N.A.*, 60 F. Supp. 3d 99, 114 (D. D.C. 2014).  Under 12 U.S.C. § 2605(f), a borrower may recover its actual damages suffered as a result of a RESPA violation and "any additional damages" in an amount not to

exceed $2,000.00 per borrower as statutory damages, "in the case of a pattern or practice of noncompliance with the requirements of this section[.]"

Here, Plaintiffs' RESPA claim fails because (1) Freedom Mortgage properly performed its duties in responding to Plaintiffs' QWR; (2) Plaintiffs fail to establish damages were caused by a RESPA violation; (3) Plaintiffs cannot recover statutory damages having failed to establish actual damages; and (4) Plaintiffs fail to establish a "pattern or practice" of non-compliance by Freedom Mortgage.

### 1.     Freedom Mortgage's Conduct Complied With RESPA.

To state a claim for a violation of RESPA's QWR provisions, the plaintiff must demonstrate that the servicer failed to perform its duties under RESPA in responding to the QWR.  *Conant v. Wells Fargo Bank, N.A.*, 60 F. Supp. 3d 99, 114 (D. D.C. 2014); *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 417 (D. Md. 2018).  In responding to a QWR, a servicer fulfills its duties if it provides a borrower with a written explanation of why the servicer believes the account of the borrower is correct.  *Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126, 1135 (11th Cir. 2014) (affirming judgment that there was no RESPA violation where a servicer returned payments because they were not certified funds and explained to the borrower in response to the QWR why it had returned payments).   Here, the undisputed facts confirm that Freedom Mortgage complied with RESPA by timely responding with the requested materials which confirmed why Freedom Mortgage believed the account was correct.

Freedom Mortgage received the QWR on May _, 2018.   Statement of Undisputed Material Facts at ¶ _.  The QWR requested a detailed payment history. at ¶ __.  Plaintiffs allege that Freedom Mortgage failed to respond.  Compl. ¶ 79.  However, Plaintiffs plead that Freedom Mortgage failed to respond to a May 2016 QWR.  Id. ¶ 78.  ██████████████████

████████████████████████████████████████████   To the extent Plaintiffs allege Freedom Mortgage failed to respond to the April 2018 QWR, such allegations have been flatly contradicted by the facts. Further, as demonstrated, Plaintiffs' did not have a bona fide dispute over their delinquent status, having failed to make payments to bring the account current.

Freedom Mortgage responded on May 3, 2018, that was reviewing the request. Statement of Undisputed Material Facts at ¶ 35.  Freedom Mortgage then replied on __ and included a detailed payment history.  Id. at ¶ 38.  This response categorically responded to Plaintiffs' QWR which only disputed whether Freedom had "properly applied payments" and whether the account was delinquent.  Plaintiffs offer no evidence that Freedom Mortgage's response was deficient or in some way supports the inference that Freedom Mortgage failed to conduct any investigation.  Indeed, as demonstrated, any investigation would simply have confirmed the delinquent status of Plaintiffs account.

When Freedom Mortgage provided Plaintiffs with the payment history it was in full compliance with its obligations under RESPA in responding to the QWR.  A Plaintiff's RESPA claim should be dismissed if the servicer responded to the QWR and Plaintiff's only basis to challenge the response is a disagreement with the investigation's results.  *McCray v. Bank of Am., Corp.*, No. 14-02446, 2015 WL 3487750, at *11 (D. Md. June 1, 2015).  That is what Plaintiffs are attempting in this case.  Plaintiff disputed the application of payments and delinquent status  Freedom Mortgage responded with the payment history confirming the application of all payments, which failed to bring the account current.  Plaintiffs cannot maintain a claim that Freedom Mortgage failed to adequately respond to the QWR and the RESPA claim fails as a matter of law.

20

## 2. __Plaintiffs Have No Actual Damages Under RESPA.__

To prevail on a claim under RESPA for actual damages, a plaintiff must show that the alleged "actual damages that she incurred were a result of the RESPA violation." *Eslick v. Cenlar*, No. 2:17-cv-381, 2017 WL 4836541 at*3 (E.D. Va.  Oct. 3, 2017). (quoting *Combs v. United States Bank. Nat'l Ass'n*, No. 1:17-cv-545, 2017 WL 2805494 (E.D. Va. June 28, 2017) (emphasis in original); *see also Offiah v Bank of America, N.A.*, No. 13-2266, 2014 WL 4295020, at *3 (D. Md. Aug. 29, 2014); *Radisi v. HSBC Bank USA, Nat. Ass'n*, No. 5:11-cv-125, 2012 WL 2155052, at *5 (W.D. N.C. June 13, 2012); *Willis v. Bank of Am. Corp.*, No. 13–02615, 2014 WL 3829520, at *31 (D. Md. Aug. 1, 2014)).  Thus, it is not enough for a borrower to simply claim to have suffered damage.  Rather, the borrower must allege that the damages were caused by the specific alleged RESPA violation at issue.  *Eslick*, 2017 WL 4836541 at *4.

Here, Plaintiffs do not provide any facts to show they were damaged as a result of Freedom Mortgage's response to the QWR.  Indeed, Plaintiffs disputed their account status with the CRAs before even receiving Freedom Mortgage's response.

Plaintiffs contend their damages include "loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress."  Compl. ¶ 81.  But these are the damages that Plaintiffs seek to recover based on the allegedly inaccurate information to the CRAs.  Plaintiffs do not, because they cannot, tie these damages to Freedom Mortgage's response to their QWR, which merely provided documents and information that Plaintiffs requested.  Because there is no casual connection between the alleged damages Plaintiffs seek to recover and Freedom Mortgage's alleged failure to properly respond to their QWR, Plaintiffs' claim for actual damages under RESPA fails.  *See Offiah*, 2014 WL 4295020, at *3 (holding plaintiffs could not show a causal connection between their alleged damages for "physical and

mental problems out of fear that they will be evicted (for having defaulted on their mortgage loan)" and the defendant's purported failure to respond to their QWR.)

### 3. Plaintiffs' Lack of Actual Damages Under RESPA Also Dooms Their Claim For Statutory Damages.

Plaintiffs' lack of actual damages caused by a RESPA violation also requires the dismissal of their claim for statutory damages.  To prevail on a claim under RESPA for statutory damages, the plaintiff must, inter alia, to show that he suffered actual harm.  *See, e.g., Mejia v. Ocwen Loan Servicing, LLC*, 703 F. App'x 860, 864–65 (11th Cir. 2017) (requiring a concrete injury, in part because "the use of 'additional'" at § 2605(f)(1) 'seems to indicate that a plaintiff cannot recover pattern-or-practice damages in the absence of actual damages.'") (quoting *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016)); *Batton*, 2016 WL 6090955, at *2 (noting that "the statute requires that a plaintiff suffer 'actual damages' before he or she may recover any statutory damages or attorney's fees and costs.") (citations omitted); *Vaughan v. Wells Fargo Bank, N.A.*, No. 6:15-CV-00038, 2016 WL 2901752, at *4 (W.D. Va. May 18, 2016) (dismissing RESPA action in part because plaintiffs did not allege a pattern or practice and actual damages allegations were conclusory), appeal dismissed, 669 F. App'x 186 (4th Cir. 2016); *Figueroa v. HSBC Bank USA, N.A.*, No. 1:16-CV-0893, 2017 WL 1185263, at *7 (N.D. N.Y. Mar. 29, 2017 ("Several courts have held that 'proof of actual damages is mandatory to recover on a § 2605(e) violation, and . . . a § 2605(e) claim cannot stand on statutory damages alone.'").

Because Plaintiffs cannot establish they suffered actual damages as a result of Freedom Mortgage's response to Plaintiffs' QWR, Plaintiffs' claim for statutory damages also fails.  The Court should enter summary judgment in favor of Freedom Mortgage for this additional reason.

### 4.      Plaintiffs Have Not Established a Pattern and Practice.

Finally, to recover statutory damages under RESPA, the plaintiff must, inter alia, prove that the conduct at issue was part of a "pattern and practice" of the defendant.   12 U.S.C. § 2605(f).   A RESPA claim for statutory damages fails when there is no evidence to show that "the alleged violations were the standard or routine way of operating for the allegedly non-compliant loan servicer."   *Davis v. Deutsche Bank Nat'l Tr. Co.*, No. CV 16-5382, 2017 WL 6336473, at \*7 (E.D. Pa. Dec. 12, 2017) (quoting *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)); *Galante v. Ocwen Loan Servicing LLC*, No. 13-1939, 2014 WL 3616354, at \*34 (D. Md. July 18, 2014) (dismissing claim for statutory damages under RESPA because single RESPA violation alleged did not demonstrate a pattern or practice); *see also Perron on behalf of Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 858 (7th Cir. 2017) ("Two examples of similar behavior—in different states, separated by a handful of years, and with no evidence of coordination—isn't enough to support recovery of statutory damages.")  Id. at 858.

Here, Plaintiffs have come forward with no evidence to support their allegations of "pattern and practice."   *See* Compl. at Count V.   There are no facts in the record to show that Freedom Mortgage engaged in a "pattern and practice" of violating RESPA.   As such, the Court should enter summary judgment in favor of Freedom Mortgage on Plaintiffs' RESPA claim for statutory damages.

## IV.      CONCLUSION

For all the foregoing reasons, the Court should enter summary judgment in favor of Defendant, Freedom Mortgage Corporation, and against Plaintiff on Counts III and IV for alleged violation of the FCRA and Count V for alleged violation of RESPA.

Respectfully submitted,


/s/  *Walter Buzzetta*
Walter J. Buzzetta, Esq. (68006)
STRADLEY RONON STEVENS & YOUNG, LLP
2000 K Street, NW, Suite 700
Washington, D.C.  20006
(202) 507-6407 (direct) / (202) 822-0140 (fax)
wbuzzetta@stradley.com

and

Andrew K. Stutzman, Esq. (admitted *pro hac vice*)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 1600
Philadelphia, PA 19103
215-564-8008 (direct) / 215-564-8120 (fax)
astutzman@stradley.com
*Attorneys for Defendant*
*Freedom Mortgage Corporation*


Date:  September 13, 2019