**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**JAMES T. PARKER, II and**
**DEBRA L. PARKER,**

        **Plaintiffs,**

**v.**                                     **Civil Action No.: 4:18cv00140**

**FREEDOM MORTGAGE**
**CORPORATION,** *et al.*,

        **Defendants.**

**PLAINTIFFS' OPPOSITION TO MOTION TO SEAL DEFENDANT'S MOTION**
**FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY DESIGNATIONS**

The Plaintiffs, by Counsel, opposed Defendant Freedom Mortgage's Motion to Seal Defendant's Motion for Protective Order Regarding Confidentiality Designations (ECF 23). Because Freedom has not met its burden of showing that sealing is appropriate, the Court should deny the Motion.

## I.    OVERVIEW.

Confidentiality designations do not mean that information is to be kept hidden. As the Local Rules recognize, filing under seal is an unusual remedy, not pertinent in most instances. *See* DIST. LOC. R. 5(C) ("Motions to file documents under seal are disfavored and discouraged."). Freedom disregards this settled notion by asking the Court to seal documents that contain no information that is genuinely confidential. Such is apparent from Freedom's utter failure to support its Motion with any genuine evidence as to why such information should be kept from public view. All that is at issue is a letter Freedom wrote to Plaintiffs' Counsel following the settlement of their first lawsuit, and some documents that deal with Freedom's internal FCRA policies and procedures. Where specific explanations of the reasons to keep information sealed and the resulting harm should the public learn the information, Freedom offers only generalized statements

of its own subjective belief that certain information should not be disseminated. And it offers no explanation at all of the harm that would result should such information become public. As the discussion below confirms, no such harm is presumed. Freedom has the burden to show that harm, and Freedom has failed.

That sealing of information is the exception rather than the rule makes further sense in light of the fundamental notion that court information should be publicly available, particularly as such information pertains to dispositive motions. Freedom has designated as confidential its FCRA procedures documents, which will be evidence on one of the key points on summary judgment. Should those baseless designations stand, every summary judgment brief, response, and reply will have a corresponding motion to seal and accompanying documents. The Court should conclude that such docket clutter is not warranted, particularly since Freedom has not shown anything close to what it must to justify sealing.

## II.    CASE BACKGROUND.

This is the second case the Parkers have had to file against Freedom because it continues to misreport the status of their mortgage account. Mr. Parker is a 100% disabled veteran, long ago submitted his request to the local tax authority for waiver of his property taxes, received the formal exemption, and provided it to Freedom Mortgage as soon as it assumed servicing of his loan at the end of 2015. (ECF 1 ¶ 14.) Since nearly every action at Freedom is automated, no human being interpreted the exemption and Freedom did not properly apply it to the Parkers' escrow account. Plaintiffs sued, and Freedom eventually settled in June 2017, with the understanding being that Plaintiffs' account would be corrected. It was not.

In February 2018, Freedom sent Plaintiffs letters stating they were behind on their mortgage payments, which was untrue. (*Id.* ¶ 16.) Freedom also reported the supposed

delinquencies to Equifax and Experian once again, despite Plaintiffs having made all payments on time and for the correct amount due. (*Id.* ¶¶ 17–18.) Freedom also notified Plaintiffs repeatedly that their mortgage was in default, which was again untrue. (*Id.* ¶¶ 18–19.) Plaintiffs disputed the inaccurate reporting through Equifax and Experian, as well as to Freedom directly. (*Id.* ¶¶ 20, 25.) Nothing helped, so Plaintiffs sued again. They have settled with Equifax and Experian, leaving only Freedom as a Defendant.

While discovery has presented the usual problems with stonewalling defendants, Freedom has here taken the additional step of asking the Court for protection of its confidentiality designations and sealing of that same motion. (ECFs 23, 24.) Freedom has not provided the appropriate basis for either Motion, so the Court should deny them both.

### III.   ARGUMENT AND AUTHORITIES.

### A.   Standards For Sealing.

When "discovery material is classified confidential by the parties, their classification is not binding on the court." *I/P Engine, Inc. v. AOL, Inc.*, 2:11-cv-512, 2012 WL 4050093, at *1 (E.D. Va. Sept. 13, 2012) (quoting *Chem. Bank v. Affiliated FM Ins. Co.,* 154 F.R.D. 91, 94 (S.D.N.Y. 1994)). *Ashcraft v. Conoco, Inc.,* 218 F.3d 282 (4th Cir. 2000), the seminal case on the topic of sealing in the Fourth Circuit, sets out the procedural requirements for sealing court filings. *Id.* at 288 (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988), and *In re Knight Pub. Co.,* 743 F.2d 231, 235–36 (4th Cir. 1984)). District Local Rule 5 is the means by which the Eastern District of Virginia implements these procedural requirements.

As with confidentiality, the proponent of sealing documents must show good cause in addition to Local Rule 5 compliance. *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 751 (E.D. Va. 2018). So here Freedom bears that burden.

**B.      Freedom Has Come Nowhere Close To Establishing That Sealing Is Appropriate.**

**1.      Freedom's Motion fails to comply with Local Rule 5.**

District Local Rule 5 sets out the specific requirements of a motion to seal. It demands that

the supporting memorandum include:

> (1) A non-confidential description of what material has been filed under seal;

> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;

> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;

> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

DIST. LOC. R. 5(C). Freedom falls short on several aspects necessary for the Court to grant its

Motion.

Most importantly, Freedom provides no evidentiary support at all for its Motion to Seal. It

merely recites bland, general claims that because it has documents that it claims are confidential,

sealing should follow as a matter of course:

> Freedom Mortgage provides this Court with the findings necessary to grant its Motion to Seal. First, Freedom Mortgage seeks an order of protection from this Court confirming confidentiality designations. In order to seek the Court's assistance, Freedom Mortgage provides these documents, which on their face and by their content confirm their confidential and proprietary nature under Rule 26 and this Court's Protective Order. The Court has already recognized that confidential materials may be produced in this matter, and provided for the least restrictive means for use of these documents in its Protective Order. Any alternative to sealing provides for public disclosure of these confidential documents. Thus, the alternatives should be rejected.

(ECF 28 ¶ 9.) But bald statements are insufficient to meet Local Rule 5. Where evidence is

required, Freedom supports these statements with nothing whatsoever. No declaration from a Freedom employee, deposition testimony, nothing. (*See id.*) To the extent Freedom would expect to rely on statements of its Counsel made in his Declaration in support of Freedom's Motion for Protective Order (ECF 25-1), that Declaration is entirely empty. Freedom's Counsel states:

> Freedom Mortgage treats Exhibits 2 through 12 as confidential, containing proprietary information, and for internal use only. The redactions in these produced versions of the documents were for attorney-client privilege.

(*Id.* ¶ 20.) It is of course obvious why Freedom's Counsel cannot provide a genuine basis for the confidentiality of the documents at issue—he has no personal knowledge about the reasons for confidentiality. Hence the meaningless statement he provides in support. Because Freedom's Motion is devoid of the evidentiary requirements of Local Rule 5, the Court should deny the Motion without further analysis.

### 2. Freedom has failed to show good cause for filing its documents under seal.

Just as with its Motion for Protective Order, Freedom inadequately supports its request that its Motion be sealed. Though under Local Rule 5 and the Protective Order in this case it may be proper to permit filing of Freedom's documents under seal in order to permit *in camera* review, there is no basis in the law to permit the permanent sealing of these unremarkable documents. And Freedom has not shown one. Instead, the Court should receive them under seal, review them, and then order that they be publicly filed in the Court's ordinary docket. Freedom has not shown that another outcome is more appropriate, and Freedom bears the burden of doing so.

Freedom's positions are incorrect particularly because sealing is a more-drastic outcome than designating something confidential. There are constitutional and common law considerations, for example, relating to keeping court information from public view. *Benedict*,

323 F. Supp. 3d at 753–55. Nearly every courtroom in this District has cautioned parties as to the substantial burden that must be met to achieve the sealing of judicial records, particularly those regarding a dispositive motion (these being governed by the more potent First Amendment standard). Rather than attempt to restate or to string cite these cases, Plaintiffs offer Magistrate Judge Stillman's summary of this body of law:

> "When presented with a motion to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 576 (4th Cir. 2004). In *Ashcraft v. Conoco, Inc.,* 218 F.3d 282 (4th Cir.2000), the Fourth Circuit set out the procedural requirements for sealing court filings. *Id.* at 288 (citing *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 181 (4th Cir.1988), and *In re Knight Pub. Co.,* 743 F.2d 231, 235–36 (4th Cir.1984)). Local Civil Rule 5 provides further procedural guidance to litigants with respect to motions to seal filed in this district.

> But it is the substantive requirements that are at issue in this case. "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post,* 386 F.3d at 575. This distinction is significant because "[t]he common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.' " *Wash. Post,* 386 F.3d 575 (quoting *Stone,* 855 F.2d at 180). Moreover, "[t]he burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.* (citing *Press-Enter. Co. v. Superior Court,* 478 U.S. 1, 15 (1986)).

> Noting that "summary judgment adjudicates substantive rights and serves as a substitute for a trial," the Fourth Circuit has held that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." *Rushford,* 846 F.2d at 252, 253. The defendants have requested to file portions of the memorandum in support of their motion for summary judgment, together with portions of a declaration and certain exhibits in support of that motion, under seal.

*I/P Engine*, 2012 WL 4050093, *1–2.

To simply state that something is a trade secret or is proprietary is not enough, as anyone could say that about information they want kept to themselves. Though Freedom attempts such

ploy here (ECF 28 ¶ 5), trade secrets mean something. "While trade secrets enjoy a 'broad definition,' they must still be a 'formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] an opportunity to obtain an advantage over competitors . . . .'" *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 122 (D. Md. 2009) (alterations in original). Nothing like this is in-play here. Freedom's internal FCRA policies and procedures have nothing at all to do with competitive advantage, they are simply there to guide its employees. There is a message in Freedom's scant addressing of the nature of the information that it wants protected, and that is that Freedom has no genuine, recognized basis for having the information kept from the public.

As to those documents, Freedom offers just bland, non-specific statements regarding why they should be kept confidential:

> [E]ach of the documents expressly states on the document itself that it contains proprietary information. Moreover, Freedom Mortgage treats these documents as confidential, as they contain trade secrets concerning Freedom Mortgage's business practices. Accordingly, Freedom Mortgage intends to and does treat these documents as confidential. Having established the confidential nature of these documents, Freedom Mortgage properly designated them as confidential in its document production.

(ECF 25 at 6–7 (citation omitted).) Its Counsel does no better, explaining in his Declaration in support of the Motion for Protective Order only that "Freedom Mortgage treats Exhibits 2 through 12 as confidential, containing proprietary information, and for internal use only. The redactions in these produced versions of the documents were for attorney-client privilege."[1] (ECF 25-1 ¶ 20.) None of this is sufficient to grant the documents protection, as Freedom must provide more than just generalized statements to gain confidentiality.

---

[1] Freedom has not served a privilege log in this case, so the Court should easily find that any claims of privilege have been waived.

There is simply no basis to place Freedom's idiosyncratic desire to keep its documents private. Even with evidentiary support, the document could not survive the rigors necessary to seal. But Freedom does not even suggest any reason beyond a short conclusory claim that the document contains information that is proprietary. No facts are provided, let alone supported by any affidavit or other testimony. No detail as to how a competitor may seek or use the document to Freedom's disadvantage, or what harm would befall it should the information become generally known. Nothing. Freedom has not and cannot satisfy Local Rule 5 or the First Amendment. As Judge Lee has explained in comparable circumstances:

> The Court holds that the sealing of all records and documents filed in this case is totally inappropriate. Specifically, the Court holds, first, that the public's right of access to many of these documents is protected by the First Amendment, including two dispositive motions and related briefs and exhibits. The parties assert no compelling governmental interest that necessitates or justifies the sealing of these documents. Second, the parties assert no significant interest that outweighs the public's right of access to those documents filed in this case that are not constitutionally protected. The only interests cited by the parties in support of their request to seal the records in this case is Plaintiff's own reputational and privacy interests, which Plaintiff previously asserted in connection with his Rule 5.2 Motion. In denying this motion, the Court did not, and still does not, find Plaintiff's reputational and privacy interests significant enough to outweigh the public's common law right of access to court records.

> The parties offer no evidence of any likelihood that the documents filed in this case will be sought and used for improper purposes. An employer's background check on a job applicant or candidate for promotion or transfer that includes inquiry into the candidate's litigation history is not an improper purpose for accessing court records. The parties offer the Court no reasons or facts to support the inference that anyone is likely to use the documents filed in this case to improperly pressure Plaintiff or to unfairly gain a business advantage. The Court does not find that public access to the records of this case would "enhance the public's understanding of an important historical event." *In re Knight,* 743 F.2d 231, 235 (citing *Nixon,* 435 U.S. at 597–608). However, by the same token, the Court does not find any reason to believe that records would "promote public scandal" or "serve as reservoirs of libelous statements for press consumption." *Under Seal v. Under Seal,* 326 F.3d 479, 485–86 (4th Cir. 2003) (citing *Nixon,* 435 U.S. at 598–99).

*Adler v. CFA Inst.*, 1:11-cv-1167, 2012 WL 3257822, *2-3 (E.D. Va. Aug. 7, 2012). *See also I/P Engine*, 2012 WL 4050093, *1–2 ("In support of the motion, the defendants merely characterize

these materials, in conclusory fashion, as "data that is and should be kept confidential." Neither

they nor the plaintiff has "present[ed] specific reasons in support of [their] position[s]." *See Wash.*

*Post,* 386 F.3d at 575. "The First Amendment right of access cannot be overcome by [a] conclusory

assertion." *See Press–Enter.,* 478 U.S. at 15."). Accordingly, Plaintiff asks the Court to deny

Freedom's Motion to Seal.

### 3.   Freedom has not shown less-restrictive solutions, like redaction, are inadequate.

Another point on which Freedom bears the burden of proof is that other, less-restrictive

means could be imposed rather than sealing the documents. DIST. LOC. R. 5(C)(2). Freedom

stumbles here as well, again offering only conclusive, unsupported statements:

> There is no less drastic alternative than sealing these documents while the Court
> considers the Motion for Protective Order to Regarding Confidentiality
> Designations. The very purpose of the Motion would be undercut by failure to seal
> these documents. Freedom Mortgage simply seeks to follow the procedure outlined
> in the Protective Order in order to ensure confidentiality of these documents.
>
> . . . The Court has already recognized that confidential materials may be produced
> in this matter, and provided for the least restrictive means for use of these
> documents in its Protective Order. Any alternative to sealing provides for public
> disclosure of these confidential documents. Thus, the alternatives should be
> rejected.

(ECF 28 ¶¶ 8–9.) That is all. Not a declaration, affidavit, or deposition testimony from a Freedom

witness with knowledge of the materials that one could even argue was supportive of sealing.

Freedom has the burden to show that redaction is insufficient, yet it has not. Freedom has

likewise failed to cite any caselaw in support of its positions, again running afoul of Local Rule 5,

further dooming its Motion. *See Underwood v. W. Va. Dep't of Health & Human Res.*, 2:11-cv-

00506 (S.D.W. Va. Nov. 19, 2012) (ECF 136) (refusing to seal documents because of similar

shortcomings). Indeed, Freedom has produced redacted documents to Plaintiffs, so it is difficult to

understand how a similar redaction protocol could not protect its supposedly secret information.

The Court should conclude that Freedom has failed to carry its burden, and deny the request to seal.

## IV.   CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request that the Court deny Freedom's Motion and order its documents be publicly filed.

September 16, 2019.

Respectfully submitted,

**PLAINTIFFS James Parker II and Debra Parker**

By_____/s/_____
Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Elizabeth W. Hanes, VSB #75574
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: elizabeth@clalegal.com

*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2019, I will cause a true and correct copy of the foregoing to be filed electronically using the CM/ECF system, which will then send a notification of such filing to all Counsel of Record.

_____/s/_____
Leonard A. Bennett, VSB #37523
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
