IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | |
|---|---|
| JAMES T. PARKER, II, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 4:18-cv-00140-HCM-DEM |
| ) | |
| FREEDOM MORTGAGE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CONSOLIDATED REPLY IN SUPPORT OF DEFENDANT FREEDOM MORTGAGE'S MOTION TO SEAL AND MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY DESIGNATIONS**

Defendant Freedom Mortgage Corporation ("Freedom Mortgage"), by and through counsel, submits this Consolidated Reply in further support of its Motion to Seal Motion for Protective Order Regarding Confidentiality Designations ("Motion to Seal")[1] and the underlying Motion for Protective Order Regarding Confidentiality Designations ("Motion for Protective Order").

I. **ARGUMENT IN REPLY**

Plaintiffs through their actions have made clear that they will not respect the confidentiality of legal documents, necessitating the instant motion. 

---

[1] Opposing counsel apparently filed two identical oppositions to the Motion to Seal at Docket Nos. 49 and 51, as well as a largely duplicative Opposition to the Motion for Protective Order at No. 50. Freedom Mortgage files this consolidated reply in support of both motions and in response to all three oppositions.



Accordingly, Plaintiffs' interpretations as to documents which merit confidential treatment is undercut by ▮

▮ Indeed, as Plaintiffs made clear that they would not respect the confidentiality of documents through their purposeless disclosure, Freedom Mortgage insisted on entry of an agreed protective order before it would produce its proprietary procedures manuals. After entry of that Order, Dkt. 20, Freedom Mortgage designated only 11 documents in its entire production as confidential. Indeed, these designations were the exception rather than the rule with regards to Freedom Mortgage's document production.

Despite having only protected a handful of documents, Plaintiffs indiscriminately objected to all designations – without explanation – and necessitated the instant motion. And having failed to articulate a basis for the public disclosure of these documents in a private commercial dispute stemming from Plaintiffs' failure to pay $559.30 to bring their loan account

---

[2] ▮ was previously filed under seal at No. 39-14, p. 65.

[3] Attached as Exhibit 1 is a true and correct copy of Plaintiffs' Third Supplemental Rule 26(e) Disclosures which identify the Settlement Agreement as being produced at 002608 – 002612. (Ex. 1 at 6). In contrast, Plaintiffs merely ▮

current, Plaintiffs nonetheless continue their protestations with the bare assertion that the documents should be public because of "public interest." However, a review of each of the documents confirms that it is expressly confidential, contains confidential information, was treated as confidential by Freedom Mortgage, and Plaintiffs have failed to articulate any reason for public disclosure. Indeed, no other party has appeared to contest Freedom Mortgage's Motion to Seal. Furthermore, as Freedom Mortgage's only remedy to protect the confidential nature of the documents was to file the instant Motion for Protective Order to confirm its confidentiality designations, Freedom Mortgage needed to file a Motion to Seal to protect the very confidentiality of the documents at issue. As is the case with the underlying Motion for Protective Order, Plaintiffs fail to offer any argument against the Motion to Seal which would prevent this Court from sealing the motion so that the confidentiality of the underlying documents is protected.

### A. Plaintiffs Fail To Articulate Any Basis For Public Disclosure Of ███ ██████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



### B. Plaintiffs Fail To Articulate Any Basis For Public Disclosure Of Freedom Mortgage's Procedure Manuals

Plaintiffs' arguments for public disclosure of Freedom Mortgage's ten procedures manuals are equally unavailing. Plaintiffs' discussion of the basis for entry of a general Protective Order is misplaced since a stipulated protective order has already been entered in this case. Accordingly, good cause is not the standard for determining whether the designated documents are entitled to confidentiality.[5] The parties already stipulated and the court confirmed that there was the potential for disclosure of confidential materials and trade secrets requiring protection in the protective order. That is the case. Each of the procedures on its face states that it is a proprietary document.

Plaintiffs served a notice for a 30(b)(6) deposition, which sought testimony concerning "Freedom's policies or procedures for conducting investigations of consumer credit report

---

[4] The only offered authority, *U.S. ex re. Davis v. Prince*, 753 F. Supp. 2d 561 (E.D. Va. 2010), does not discuss whether a confidential settlement agreement would be subject to a protective order.

[5] Likewise, Plaintiffs' arguments that the procedures were necessary for summary judgment briefing is contradicted by the very fact that Freedom Mortgage did not rely on the manuals at all in the summary judgment motion it filed three days prior to Plaintiffs' Opposition. Freedom Mortgage's Motion for Summary Judgment was filed on September 13. The instant Opposition was filed on September 16.

disputes received through the consumer reporting agencies, including all details as to who conducts such disputes, the guidelines by which such disputes would be completed, all documents and records or other information considered in such investigation since June 2017."[6] Freedom designated Mark Phillips, Manager in Freedom Mortgage's Customer Correspondence and Research Department as its 30(b)(6) witness. Supporting Declaration of Mark Phillips ("Phillips Dec.") ¶ 5. Mr. Phillips oversees the investigation of credit reporting disputes at Freedom Mortgage. Id. ¶ 4. He prepared for the deposition, and the topic in particular, by reviewing these 10 procedures potentially at issue. Id. ¶ 6. He was prepared to testify as to the procedures. Id. However, Plaintiffs' counsel failed to introduce any of the procedures as deposition exhibits. Id. ¶ 10. Furthermore, Plaintiffs' counsel did not ask the 30(b)(6) witness a single question concerning the use of these procedures. Id. ¶ 9. Indeed, despite this pending Motion and Plaintiffs' contention that the documents are not confidential, Plaintiffs' counsel failed to address the issue during the deposition. However, Mr. Phillips confirms that each of the procedures in question are (1) proprietary to Freedom Mortgage; and (2) are treated as confidential within the company and have not been publicly disclosed. Id ¶¶ 7-8. Accordingly, these are confidential, proprietary documents and should be preserved as such under the protective order in this case.

███████████, Plaintiffs again fail to offer relevant authority supporting public disclosure of these documents. First, Plaintiffs offer two district court decisions where the court declined to enact a protective order for certain procedures for a Credit Reporting Agency. *Zahran v. Trans Union Corp.*, 01-C-1700, 2002 WL 31010822 (N.D. Ill. Sept. 9, 2002); *Ahern v. Trans Union LLC*., 3:01-cv-2313, 2002 WL 32114492 (D. Conn. Oct. 23, 2002). That is not the

---

[6] Attached as Exhibit 2 is a true and correct copy of Plaintiffs' Supplemental Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) Stating the Compromises Reached Between the Parties.

issue before this Court. A protective order has already been entered in this matter. Freedom Mortgage designated these proprietary procedures manuals as confidential and Plaintiffs' objected without explanation.

Freedom Mortgage has explained how these documents are confidential, not available to the public, and contain proprietary information. The manuals at issue are just like those in *Anderson v. Reliance Standard Life Ins. Co.*, No. 11-1188, 2012 WL 835722, at *3 (D. Md. Mar. 9, 2012). There, the Court affirmed a finding that an insurance claims handling manual "is the type of commercial information that warrants a confidentiality agreement when it is produced for discovery." *Id.* The court made this finding, even though the manual at issue had been produced without protection in another proceeding. *Id.* Here, not only do the manuals contain proprietary commercial information, they have not previously been publicly disclosed. Phillips Dec. ¶ 8.

Finally, having failed to establish that the procedures are not confidential, Plaintiffs' arguments that the balance of interests favor public disclosure also fail. First, the procedures were not attached to Freedom Mortgage's Motion for Summary Judgment, so Plaintiffs' argument that there will be unnecessary clutter in dispositive motion filings is completely without merit.[7] Furthermore, while Plaintiffs' claim there is a strong public interest in disclosure in this case – the opposite is true. No party filed an opposition to the instant Motion, the Motion to Seal or the Motion to Seal Freedom Mortgage's Motion for Summary Judgment. The lone party pushing for disclosure – without any basis for such disclosure – are Plaintiffs. And yet Plaintiffs themselves did not rely on the documents for any questions of Freedom Mortgage's 30(b)(6) witness. Plaintiffs fail to demonstrate how the documents are relevant to their case, let

---

[7] Plaintiffs' argument for preserving the docket from clutter rings particularly hollow given that Plaintiff filed duplicative oppositions for the Motion for Protective Order and Motion to Seal. Indeed, following Plaintiffs' logic, Freedom Mortgage would have to publicly disclose its confidential documents in order to obtain a decision that its confidential documents were not subject to public disclosure.

alone why they should be publicly disclosed. The Court should grant Freedom Mortgage's Motion for Protective Order.

### C. Plaintiffs' Opposition To The Motion To Seal Lacks Any Merit

In order for Freedom Mortgage to have the Court confirm the confidential designations under the Protective Order, it needed to file a motion seeking such protection. As the motion itself disclosed the confidential documents at issue, Freedom Mortgage sought protection from public disclosure through a Motion to Seal. Indeed, it is axiomatic that Freedom Mortgage should not have to publicly disclose the contents of confidential documents in order to have the Court confirm their confidential nature. Such disclosure would defeat the very purpose of the motion.

Indeed, a party who seeks to confirm confidential designations of documents under a protective order must either "produce competent evidence, in the form of affidavit testimony or the document itself" so that the Court may make a confidentiality determination. *King v. Enterprise Leasing Co. of DFW*, No. 3:05-cv-26, 2006 WL 8437324, at *1 (N.D. Tex. July 20, 2006). In this case, Freedom Mortgage did both. First, it submitted the documents themselves so that the Court may review them in determining whether they are confidential. In order to do so, Freedom Mortgage filed a motion to seal the documents and the related references which disclosed confidential information in the documents. Furthermore, Freedom Mortgage provided argument concerning the confidentiality of the documents in its Motion for Protective Order and the Declaration of Mark Phillips. Finally, it is clear that Freedom Mortgage met the standard for sealing the documents as outlined by Magistrate Leonard in *Hopeman Brothers v. Continental Casualty Co.*, 4:16-cv-187, 2017 WL 9481051, at *2 (E.D. Va. Dec. 22, 2017). It is "well-established in the Fourth Circuit, the Court may do [seal documents] only "if the public's right of

access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)."

To determine whether the interests in sealing the records outweigh First Amendment considerations, a court must engage in a three-part procedure: (1) the Court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) the Court must consider less drastic alternatives to sealing the documents; and (3) the Court must articulate specific reasons and factual findings supporting its decision to seal. *Ashcraft*, 218 F. 3d at 302. Here, no party other than Plaintiffs has objected. Next, there was no less drastic option for the Court to review these documents to determine their confidential nature other than Freedom Mortgage filing them under seal. Finally, the information is not generally available to the public, and there is no harm to Plaintiffs by having them simply comply with use of the documents under the entered Protective Order. Thus, the Motion to Seal should be granted.

## II. <u>CONCLUSION</u>

For all the foregoing reasons, Defendant Freedom Mortgage Corporation respectfully requests the entry of an Order: (a) granting Freedom Mortgage's Motion to Seal Defendant's Motion for Protective Order; (b) granting Defendant's Motion for Protective Order Regarding Confidentiality Designations; and (c) granting such further relief in favor of Freedom Mortgage as this Court deems necessary and just.

Respectfully submitted,

/s/ *Walter Buzzetta*
Walter J. Buzzetta, Esq. (68006)
STRADLEY RONON STEVENS & YOUNG, LLP
2000 K Street, NW, Suite 700
Washington, D.C. 20006

        (202) 507-6407 (direct) / (202) 822-0140 (fax)
wbuzzetta@stradley.com

and

Andrew K. Stutzman, Esq. *(admitted pro hac vice)*
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 1600
Philadelphia, PA 19103
215-564-8008 (direct) / 215-564-8120 (fax)
astutzman@stradley.com

*Attorneys for Defendant*
*Freedom Mortgage Corporation*

Date: September 23, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2019, I caused the foregoing Reply to be electronically filed with the Clerk of the Court, which caused it to be served on all counsel of record.

/s/ *Walter Buzzetta*
Walter J. Buzzetta