UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**JAMES T. PARKER, II and**
**DEBRA L. PARKER,**

      **Plaintiffs,**

v.                                               **Civil Action No.: 4:18cv00140**

**FREEDOM MORTGAGE**
**CORPORATION,** *et al.***,**

      **Defendants.**

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT FREEDOM'S MOTION TO COMPEL**
<u>**MEDICAL INFORMATION RELEASE**</u>

      Plaintiffs James T. Parker II and Debra Parker, by Counsel, oppose Defendant's motion to compel Plaintiffs to execute and return HIPAA Compliant Authorizations For The Release of Medical Records for Hampton Mental Health Associates, Riverside Neurology Specialists and Riverside Family Medicine.

**I. OVERVIEW.**

      Freedom seeks to compel Plaintiffs to execute and return HIPAA Complaint Authorizations in order to obtain medical records that Freedom failed to properly and timely seek, despite the fact that Plaintiffs provided notice of the existence of such information four months ago. Having failed to subpoena the medical records from the medical providers, or seek Mr. Parker's signature in formal discovery, Freedom improperly sought via email to have Mr. Parker execute and sign the HIPAA Complaint Authorizations. Having recognized its error, on the day of its discovery deadline, Freedom now seeks to circumvent the established rules for discovery and compel Plaintiffs to produce such information that has only been requested informally. On this

basis, Freedom's motion should be denied. Additionally, Freedom's request for such sensitive medical information is overbroad, and should be denied on this additional basis.

## II. Procedural History

In its Rule 16(b) Scheduling Order on January 29, 2019, this Court scheduled trial for this matter to commence on October 22, 2019. (Rule 16(b) Scheduling Order, ¶ 1, ECF No. 16.) In that same order, this Court set Plaintiffs' discovery deadline as August 13, 2019 and Defendant's discovery deadline as September 13, 2019. (*Id. at* ¶ 3.) On May 15, 2019, Plaintiffs provided Freedom with their second supplemental Rule 26 disclosures, which included information about the medical providers who have treated Mr. Parker. (Ex. 1, Pls. Second Rule 26 Suppl. Disclosures 7.) That same day, Plaintiffs provided Freedom with letters from both providers. (Freedom Mem. Supp. Mot. Compel, Exs. 4, 5, ECF Nos. 35-5, 35-6.) On September 10, 2019, Freedom deposed Mr. Parker, in which Mr. Parker provided over thirty pages of testimony regarding his medical history and divulged sensitive and personal information about his medical conditions. (Ex. 2, Parker Dep. 23:20 – 49:7, 171:13 – 174:20). Freedom has not served any formal subpoena to any of Mr. Parker's medical providers to date. Freedom has also not served any formal request for Mr. Parker to execute a HIPAA release form to date. Instead, on September 6, 2019, Freedom requested via email that Mr. Parker execute a HIPAA release form. (Ex. 3, Email Exch. Regarding Subpoenas.) Plaintiff refused, given the breadth of the information sought as well as the failure of Freedom to comply with the federal and local rules.[1] *Id.* Freedom filed its motion to compel Mr. Parker to complete a medical release waiver on September 13, 2019. (Freedom Mot. Compel, ECF No. 35.)

---

[1] Plaintiffs never provided further objections to Freedom since Freedom never properly served these proposed subpoenas.

### III. ARGUMENT

**1. Freedom Cannot Compel Discovery When It Has Only Requested Such Information Informally**

A party can only move to compel discovery when it has first made a formal request under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(3)(B). Where the requested information involves medical information, there are specific steps that must be followed to obtain such information via discovery to protect the patient's federal right to privacy. 16 CFR § 164.512(e); *see also Fields v. W. Va. State Police*, 264 F.R.D. 260, 262 (S.D. W. Va. 2010). In particular, when a party seeks to subpoena medical information, the patient who is the subject of such records must be afforded an opportunity to object to such a request and any such objections must be resolved. 16 CFR § 164.512(e)(1)(iii)(B)-(C).

Here, Freedom failed to subpoena the medical professionals who possess the medical records. Freedom has failed to make any such formal request appropriately to date and admits such by marking its attached subpoenas to medical providers as only proposed, not served. (Freedom Mem. Supp. Mot. Compel. 4, Ex. 8, Ex. 9, ECF Nos. 36, 35-8, 35-9.) Rather, Freedom only emailed Plaintiffs with its proposed subpoenas. (Ex. 3, Email Exch. Regarding Subpoenas.) Defendant never served the subpoenas and in light of the expiration of its discovery completion date and the impending trial, there was no procedurally proper means to do so.

Similarly, Freedom's informal request for a medical release fails. Freedom argues that its Rule 34 document request for medical records in Mr. Parker's possession enables it to later informally request and receive a signed release form from Mr. Parker. To be clear, Freedom did request Plaintiffs to produce their medical records in its Request for Production No. 21, and

Plaintiffs produced all medical records in their possession.[2] Freedom did not attach a medical release form to its discovery requests, or otherwise ask through the formal discovery process for Mr. Parker to sign a release. Although Freedom asserts that courts in this circuit routinely compel parties to sign a medical release form, those cases are inapplicable because the request was made in formal discovery, the plaintiff never objected to the motion to compel, or the case was decided before federal legislation drastically changed how medical records are disclosed. *See Teague v. Target Corp.*, No. 3:06-cv-191, 2006 WL 3690642, *1 (W.D.N.C. Dec. 11, 2006) (Target served the proposed authorization and release with the discovery request); *Coffin v. Bridges*, 72 F.3d 126, 1995 WL 729489, at *2 (4th Cir.1995) (unpublished) (issuing ruling prior to the enactment of the Health Insurance Portability and Accountability Act of 1996); *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 640 (N.D. Ind. 1991) (noting that plaintiff never filed a response to defendant's motion to compel).[3]

Courts have routinely rejected motions to compel on such informal requests. *MAO-MSO Recovery, LLC, v. Mercury Ge. MAO-MSO II*, LLC, Nos. 17-cv-02525-AB (AFMx), 17-cv-02557-AB (AFMx), 2019 WL 4277802, *2 (C.D. Cal. July 29, 2019); *Kraus v. Alcatel-Lucent*, No. 18-

---

[2] The Parkers, similar to most people, simply do not keep full copies of their complete medical records, instead trusting their medical providers to manage such sensitive information.

[3] Even if the Court concludes that a party could implicitly request a medical release in requesting medical records responsive to a Rule 34 document request, Freedom only sought the medical release signature in September, via e-mail, to which Plaintiffs objected. Thereafter, Freedom never attempted to meet and confer to resolve these objections. Accordingly, Freedom has plainly failed to satisfy the established requirements under Fed. R. Civ. P. 37 or L. Civ.R. 37(E). ("No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue."). The Parties have never once met and conferred regarding Plaintiff's objections or anything else other than a unilateral e-mail demand for the signed release.

2119, 2019 WL 3304696, at *6 (E.D. Pa. July 22, 2019*); Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB, 2019 WL 2448569, at *6 (D. Kan. June 12, 2019); *Harding v. Town of Greenwich*, No. 3:08CV956(DJS), 2010 WL 4681250, at *2 (D. Conn. Nov. 4, 2010). In our federal court system, procedure is paramount in order to ensure the effective administration of justice. Before a party can resort to the drastic remedy of court-ordered compulsion, that party must follow the procedure clearly laid out in the federal rules. Furthermore, when a party seeks such sensitive and personal information as medical records, there are additional steps required under federal law before such information can be released. Freedom has failed to follow any of these procedures here and thus its motion to seek compulsion from this Court should be denied.

Freedom's motion fails no matter whether the Court concludes that either (a.) a Rule 34 request for medical records may implicitly demand a signed medical records release or (b.) that the request for medical records should instead come via a Rule 45 document subpoena. Courts have confirmed their deep skepticism to, and sometimes outright rejection of, the notion of using Rule 37 to compel a party to actually complete and provide a medical information release rather than a conventional Rule 45 subpoena. *Fields*, 264 F.R.D. at 263-64; *Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008), *Whyte v. U.S. Postal Serv.*, No. 11–62112–CIV–COHN/SELTZER, 2012 WL 13005864, at *2 (S.D. Fl. Jan. 24, 2012); *Harding v. Town of Greenwich*, No. 3:08CV956(DJS), 2010 WL 4681250, at *2 (D. Conn. Nov. 4. 2010). *Cf. E.E.O.C. v. Princeton Healthcare System,* No. 10–4126 (PGS), 2012 WL 1623870, at * 19-20, 22 (D.N.J. May 9, 2012). If the Court concludes that the records held by a third-party provider have to be obtained via a subpoena, the Defendant's motion fails because it never served a subpoena.

**2. Freedom's Motion to Compel Is Untimely Given the Discovery Deadline**

Freedom's motion to compel should also be denied given Freedom's unreasonable delay in seeking this information and the prejudice that would result to the Parkers. Discovery requests must be limited where the requesting party already had ample opportunity to seek such information. Fed. R. Civ. P. 26(b)(2)(C)(ii). Once a formal request for documents has been made, the responding party is then allowed thirty days to respond or object. Fed. R. Civ. P. 34(b)(1)(C). Courts have rejected discovery requests for not being timely filed. *See Tims v. Clark Cty. Sch. Dist.*, No. 2:18-cv-00021-JAD-VCF, 2019 WL 3210063, *3 (D. Nev. July 16, 2019) (finding party waived its right to request additional medical documents when such request was not timely made).

This completion date deadline is particularly critical here as Defendant could not have obtained the documents from the third-party providers before the September 13, 2019 date. Freedom could not expect to simply mail the proposed release to Riverside Health System and receive Plaintiff's medical file. It would necessarily have had to serve a document subpoena. Even if Plaintiffs had signed Defendant's document on the day demanded, the time for service of such a third-party subpoena had already passed before that request was even made. (ECF 16, ¶ 2) ("All subpoenas issued for discovery shall be returnable on or before the completion date [September 13, 2019]"). And even a voluntary request for the documents would take considerably longer than the short window Freedom allowed itself.

Freedom was put on notice of Mr. Parker's medical providers on May 5, 2019. That same month, this Court ordered Freedom to complete discovery by September 13, 2019, so that the parties could adequately prepare for trial next month, which is scheduled to begin on October 22, 2019. Freedom now seeks to disrupt this plan with its motion to compel, despite that fact that it has failed to even make a formal discovery request. As explained above, Freedom must first make a formal discovery request under the federal rules before this Court can consider a motion to

compel. After such a request is made, Plaintiffs must have an opportunity to object and are allowed thirty days to adequately prepare such objection. Even if Freedom filed such a formal request today, Plaintiffs would be prejudiced given the trial is less than thirty days away. Given that Freedom was put on notice months ago about Mr. Parker's medical issues and its inexcusable delay in seeking such information, Freedom's motion to compel should be denied.

### 3. Freedom's Request For Mr. Parker's Medical Records Impermissibly requests Privileged Information, Is Overbroad and Is Not Proportional to the Needs of the Case

Setting aside its failure to formally request information, Freedom's requests must also be substantively limited to nonprivileged information that is relevant to the case and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In considering such requests, this Court must consider the importance of the issues at stake in this action, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the request outweighs its likely benefit. *Id.* Freedom's request does not comport with the federal rules on discovery as it impermissibly seeks both privileged information and overly broad information that is not proportional to the needs of the case.

Freedom's proposed subpoenas are improper as Freedom seeks to make a blanket request for all of Mr. Parker's medical records over a four-year period without any regard to the subject matter of information contained in those records. (Freedom Mem. Supp. Mot. Compel., Exs. 8, 9, ECF Nos. 35-8, 35-9.)[4] The federal rules simply do not allow such unbridled requests, as this Court has stated:

---

[4] Freedom claims it attached a third authorization for release of records to "Riverside Family Medicine" to its brief. (Freedom Mem. Supp. Mot. Compel 5, n.5, ECF No. 36). However, none of the attached draft subpoenas reference this medical provider. (*See* Freedom Mem. Supp. Mot. Compel, Exs. 8, 9, ECF Nos. 35-8, 35-9). Plaintiffs preserve the arguments in this brief against any medical records requests made by Freedom.

> A plaintiff seeking emotional distress damages has a right to have discovery limited to information that is directly relevant to the lawsuit.... [D]efendants may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue of emotional distress. The scope of discovery must be limited to whether, and to what extent, Defendant's actions caused Plaintiff to suffer emotional harm…The scope of discovery into the sensitive area of private medical information should be limited and confined to that information that is essential to a fair trial.

*Cappetta v. GC Servs. Ltd. P'ship*, 266 F.R.D. 121, 126 (E.D. Va. 2009) (quoting *Vasconcellos v. Cybex Int'l, Inc.*, 962 F.Supp. 701, 709 (D.Md.1997); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 224 (D.N.J.2000)) (internal citations and quotations omitted); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii);[5] Fed. R. Civ. P. 45(c)(3)(A)(iii)(iv);[6] *In Re Renfrow*, Case No. 17-10385-R, 2019 WL 2240902, at *5 (Bankr. N.D. Okla. May 22, 2019) (upholding denial of defendant's motion to compel production of three years of medical records on grounds that the benefit of such request was "grossly outweighed" by potential harm to plaintiff's privacy interests). In assessing requests such as the one made by Freedom, this Court should employ a balancing test to determine whether Freedom's desire for relevant information outweighs Mr. Parker's right to privacy. *See Tims v. Clark Cty. Sch. Dist.*, No. 2:18-cv-00021-JAD-VCF, 2019 WL 3210063, *4 (D. Nev. July 16, 2019).

---

[5] Rule 26(b)(2)(C)(iii) states:
> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

[6] Rule 45(c)(3)(A)(iii)-(iv) states:
> "Quashing or Modifying a Subpoena .... On timely motion, the issuing court must quash or modify a subpoena that:
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden."

The analysis in *Tims* in instructive in this case. In *Tims*, the defendant moved to compel the plaintiff to sign a medical release authorization in order to obtain plaintiff's medical records. *Id.* at *1-2. The plaintiff had a pre-existing condition that exacerbated the damages she suffered. *Id.* at *3. The court in *Tims* ruled that the plaintiff should not be compelled to sign the medical release form because the defendant's need for the information did not outweigh the plaintiff's right to privacy. *Id.* at *5. Similar to the plaintiff in *Tims,* Mr. Parker also has a pre-existing condition that exacerbated the damages he suffered due to Freedom's misconduct. Mr. Parker has also already provided extensive medical history information—including detailed prescription information, the doctors he sees, and personal details about his conditions—to Freedom through his deposition testimony. (Ex. 2, Parker Depo. 23:20 – 49:7, 171:13 – 174:20). Freedom is simply not entitled to a wholesale invasion of Mr. Parker's right to privacy, especially given it has not substantively limited its request for medical records, and this Court should follow the same rationale in *Tims* and deny the motion to compel Mr. Parker to sign the medical authorization releases.

Freedom's request for records from Hampton Mental Health Associates should be denied on the additional basis that the request impermissibly seeks privileged information. Mental health information between a client and psychotherapist is privileged and generally not discoverable. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). This privilege is not waived when a plaintiff seeks "garden variety" emotional distress damages, such as the "non-medical loss of enjoyment of life, humiliation, embarrassment, fear, anxiety, and anguish/grief." *See Karrani v. JetBlue Airways Corporation*, No. C18-01510-RSM, 2019 WL 2269818, at *3 (W.D. Wash. May 28, 2019) (finding plaintiff who alleged "garden variety" emotional distress has not waived the psychotherapist privilege); *see also Griggs v. Weiner,* No. CV–13–3885 (JFB) (AYS), 2015 WL

6455298, at *3 (E.D.N.Y. Oct. 26, 2015).[7] Where, however, a plaintiff alleges a separate tort for emotional distress, any specific psychiatric injury or disorder, or unusually severe distress, the psychotherapist privilege may be waived. *See Koch v. Cox*, 489 F.3d 384, 390 (D.C. Cir. 2007).

Freedom has completely ignored this privilege and seeks to compel Mr. Parker to sign a release allowing Freedom to obtain "[a]ll medical and mental health records" from his treating therapist at Hampton Mental Health Associates for period of over four years. (Freedom Mem. Supp. Mot. Compel, Ex. 8, ECF No. ECF 35-8.) Mr. Parker has alleged emotional distress damages as a result of Defendant's conduct, in that his pre-existing conditions were exacerbated by Freedom's misconduct. Mr. Parker has not alleged a separate tort for emotional distress.

### IV. CONCLUSION

For nearly four months, Freedom had notice of Mr. Parker's medical providers. And yet, Freedom never formally sought the requested medical records from such providers. Moreover, Freedom then delayed until the very end of discovery to seek this Court to compel Mr. Parker to authorize release of a wide scope of medical records without any regard to the subject matter of such records. Freedom's request is improper, untimely and thus prejudicial to Plaintiffs' case, and also disregards Mr. Parker's legal privilege to such records. This Court should deny Freedom's motion to compel.

---

[7] This basic principal of non-waiver of the psychotherapist-patient for claiming only standard emotional distress damages is also clear in cases that Freedom cited in its brief. *Adams v. Ardcor*, 196 F.R.D. 339, 344 (E.D. Wis. 2000).

Dated: September 27, 2019.

                                                             Respectfully submitted,

                                                             **JAMES T. PARKER, II and**
                                                             **DEBRA L. PARKER**

                                                             By: /s/
                                                             Leonard A. Bennett, VSB #37523
                                                            Craig C. Marchiando, VSB #89736
                                                            Elizabeth W. Hanes, VSB #75574
                                                            **CONSUMER LITIGATION ASSOCIATES, P.C.**
                                                            763 J. Clyde Morris Blvd., Ste. 1-A
                                                            Newport News, VA 23601
                                                            Telephone: (757) 930-3660
                                                            Facsimile: (757) 930-3662
                                                            Email: lenbennett@clalegal.com
                                                            Email: craig@clalegal.com
                                                            Email: elizabeth@clalegal.com

                                                            *Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on the 27 day of September 2019, I caused a true and correct copy of the foregoing to be filed using the Clerk of Court's CM/ECF system, which then sent a notice of electronic filing to all Counsel of Record.

                                                             By: /s/
                                                            Leonard A. Bennett, VSB #37523
                                                            **CONSUMER LITIGATION ASSOCIATES, P.C.**
                                                            763 J. Clyde Morris Blvd., Ste. 1-A
                                                            Newport News, VA 23601
                                                            Telephone: (757) 930-3660
                                                            Facsimile: (757) 930-3662
                                                            Email: lenbennett@clalegal.com