UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAMES T. PARKER, II and
DEBRA L. PARKER,

      **Plaintiffs,**

v.                                  Civil Action No.: 4:18cv00140

FREEDOM MORTGAGE
CORPORATION, *et al.*,

      **Defendants.**

## PLAINTIFF'S MOTION IN LIMINE TO ESTABLISH FACTS NOT IN DISPUTE

Plaintiffs James T. Parker II and Debra Parker, move *in limine* to prohibit the Defendant Freedom Mortgage Corporation from making suggestions, statements, argument, or introducing evidence or witnesses at trial. Plaintiffs also move *in limine* to be allowed to introduce certain facts. For the reasons explained more fully in the accompanying Memorandum of Law, the Plaintiff seeks entry of an order to:

1. Prohibit any suggestion or evidence that Defendant did anything to learn of its obligations or requirements under the FCRA.

2. Prohibit any suggestion or evidence that Defendant's reporting of the Plaintiffs' mortgage account at issue in this lawsuit was a mistake or error.

3. Any information not actually considered in the dispute process used for Plaintiffs' disputes.

4. Prohibit any suggestion or evidence that Plaintiffs are barred from bringing this action in this Court, or that they are in the wrong court, or any other argument that they are in an improper venue.

5. Prohibit any reference to the June 20, 2017 letter Defendant's Counsel sent to Plaintiff's Counsel.

6. Prohibit Plaintiff's Counsel's paralegal Donna Winters from testifying.

7. Prohibit any reference to Ocwen records pertaining to Plaintiffs.

8. Prohibit any testimony in contradiction of Defendant's Rule 30(b)(6) Deposition testimony.

9. Prohibit the use of any evidence that was requested, but not timely produced, as well as any evidence in possession of the Defendant but not timely disclosed pursuant to FED. R. CIV. P. 26(a)(1) & (e).

10. Prohibit any reference to:

   a. the fact that Plaintiff's claims are brought under a fee-shifting statute;

   b. the Plaintiff's settlement with any other entity;

   c. any other litigation, other than Plaintiffs' prior litigation against Freedom, involving Plaintiffs or any other claims they may have; and

   d. the number or nature of cases handled by the Plaintiff's attorneys or their law firms.

11. Allow introduction of specific facts of the pre-existing settlement agreement between Plaintiffs and Defendant.

For the reasons explained in the accompanying memorandum in support of this motion, Plaintiffs respectfully seek an Order prohibiting introduction of evidence, testimony or argument on the foregoing issues as well as permitting the introduction of specific facts concerning the aforementioned settlement agreement.

Dated: October 4, 2019.

                Respectfully submitted,

                **JAMES T. PARKER, II and**
                **DEBRA L. PARKER**

                By:_____/s/_____

Counsel

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Elizabeth W. Hanes, VSB #75574
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: elizabeth@clalegal.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October 2019, I caused a true and correct copy of the foregoing to be filed using the Clerk of Court's CM/ECF system, which then sent a notice of electronic filing to all Counsel of Record.

By: /s/
   Counsel

Leonard A. Bennett, VSB #37523
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: len@clalegal.com