**UNTED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

JAMES T. PARKER, II and
DEBRA L. PARKER,

      **Plaintiffs,**

v.                                    **Civil Action No.: 4:18cv00140**

FREEDOM MORTGAGE
CORPORATION, *et al.*,

      **Defendants.**

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

Plaintiffs James T. Parker II and Debra Parker have moved *in limine* to prohibit

Defendant Freedom Mortgage Corporation from making suggestions, statements, arguments, or

introducing evidence or witnesses at trial. Plaintiffs also have moved *in limine* to be permitted to

introduce the facts underlying the settlement agreement between the Plaintiffs and Defendant. In

support of their motion in limine, the Plaintiffs supply this memorandum of law.

    A.  **Freedom Cannot Introduce Untimely, Privileged, and/or Irrelevant Evidence**
        **and Arguments**

Defendant must be prohibited from attempting to introduce evidence, witnesses,

statements, arguments, or defenses which Defendant did not timely disclose under Federal Rule of

Civil Procedure 26(a)(1) or (e), which bear no relevance to this case, which are foreclosed by

Defendant's evidence and testimony, and/or which are covered by privilege. To those ends,

Plaintiff seeks an order specifically to exclude the following information from use by Defendant

at the trial:

      1.      **Any suggestion or evidence that Defendant did anything to learn of its**
              **obligations or requirements under the FCRA.**

Defendant's rule 30(b)(6) witness was unable to provide any specifics about Defendant's obligations to comply with Section 1681s-2(b), including the obligations established by the Fourth Circuit's *Johnson v. MBNA* and *Saunders v. B.B.&T* decisions, other than to blandly state that Freedom's "legal and compliance department would have gone through the initial review of -- of the ruling and provided us exactly what was needed to ensure that we complied with FCRA." (Ex. A, Freedom 30(b)(6) Dep. at 94:17–96:13.) The Defendant could not identify any specific actions, resources, individuals, review, or analysis that was accomplished by Freedom Mortgage to ensure that it complied with the FCRA. (*See id.* at 96:6–17, 97:6–13, 99:23–100:7, 104:5–8.) When asked—at length—the Defendant's Rule 30(b)(6) designee merely repeated the same refrain: that someone at Freedom Mortgage would have made sure that it complied. Nothing more. (*See, e.g., id.* at 97:11–13 ("I've identified the departments that were responsible for ensuring that we complied with the regulation.")).

In written discovery, Plaintiffs requested information regarding the training Freedom provides its employees, including details about the content, documents and other information used, and the individuals involved in providing that training. (Ex. B, Def.'s Suppl. Resps. to Plt.s' ROGs, Nos. 7, 9.) Defendant responded to Interrogatories 7 and 9 with only objections, nothing substantive. (*Id.*) Plaintiffs also asked Defendant to "[i]dentify, list and describe in detail Freedom's procedures and precautions, training and resources devoted to compliance with the FCRA 15 U.S.C. § 1681s-2(b)." (*Id.* at No. 13.) Defendant again responded with a litany of boilerplate objections. Then on around August 9, 2019, months after requested and days before the Plaintiffs' discovery cutoff, Freedom produced several "Manuals" that purported to be its FCRA procedures. (Bates Nos. F00407–544.) However, none of these contain anything substantive or responsive to Plaintiffs' requests.

Further, when Plaintiffs deposed the actual employees who handled the Parkers' FCRA disputes, these employees testified that they had never seen, used or even trained with any FCRA manual and instead had only the short, quick "hands on" one to two-week training they received when they first started their job. (Ex. C, Flores Dep. at 35:6–15, 50:1–19, 51:19–52:1; Ex. D, Cambron Dep. at 16:17–17:1, 18:3–25.)

Freedom never sought a protective order to free it from its obligation to properly prepare its Rule 30(b)(6) witness to testify on each of the noticed topics. *See Acosta v. Med. Staffing of Am., LLC*, No. 2:18-cv-226, 2019 WL 911268, at *1 (E.D. Va. Feb. 20, 2019). With nothing relieving Freedom from providing substantive testimony via its corporate representative, the Court should commit Defendant to its Rule 30(b)(6) witness's ignorance, and prohibit Freedom from offering evidence that it did anything to learn of its obligations or requirements under the FCRA. FED. R. CIV. P. 37(c)(1).

> **2.    Any suggestion or evidence that Defendant's reporting of Plaintiffs' account at issue in this lawsuit was a mistake or error.**

Defendant has never claimed that its reporting of the Account was the result of an error or mistake by any of its employees. It did not so claim in its Answer and never made that argument in its own summary judgment motion. (ECF Nos. 10, 39, 40.) And when asked (via its Rule 30(b)(6) designee), Freedom testified that its employees and systems worked exactly as intended without any mistake. (Ex. A, Freedom 30(b)(6) Dep. at 121:11–16.) Thus, allowing Defendant to raise such arguments or evidence at trial would be the first time Defendant has made such a claim in this case, amounting to the much-denounced "trial by ambush." The Court should therefore prohibit such arguments or evidence. FED. R. CIV. P. 37(c)(1).

> **3.    Any information not actually considered in the dispute process used for Plaintiffs' disputes.**

In Interrogatory 6, Plaintiffs asked Defendant for a detailed discussion of Freedom's processing of Plaintiffs' disputes, including documents actually consulted and those investigators were permitted to consult. (Ex. B, Def.'s Suppl. Resps. to Plt.'s ROGs, No. 6.) In its response, Freedom improperly invoked Federal Rule of Civil Procedure 33(d). (*Id.*) Freedom use of Rule 33(d) is improper because, where the Rule demands that Freedom identify the specific documents that contain the answer, Freedom's response is nothing more than "the answer is somewhere in all of the documents we produced." (*See id.*) So, Freedom has failed to properly identify which documents its ACDV investigators considered in processing Plaintiffs' disputes. Allowing any other information to be discussed or introduced at trial violates Rules 37(c)(1) and 26(e). FED. R. CIV. P. 37(c)(1); FED. R. CIV. P. 26(e)(1). The Court should therefore forbid it.

4.      **Any suggestion or evidence that Plaintiffs are barred from bringing this action in this Court, or that that they in the wrong court, or any other argument that they are in an improper venue.**

Defendant has waived any such arguments by litigating this case for over 10 months. The Court should therefore decline to permit Defendant to raise any such arguments at trial. *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 254 F. Supp. 3d 836, 838 (E.D. Va. 2017) ("Venue is a waivable personal privilege of defendants.").

5.      **Any Reference to the June 20, 2017 Defendant's Counsel sent to Plaintiff's Counsel**

Defendant should be prohibited from making any reference to the June 20, 2017 letter that Defendant's Counsel sent to Plaintiff's Counsel. (*See* Freedom Conf. Mem. Supp. Mot. Summ. J., Ex. 1 at 51-55, ECF No. 38-3.) This letter was sent regarding a separate lawsuit between Plaintiffs and Defendants and by the time the letter was sent, that matter had already been closed. The letter contains inadmissible hearsay that Freedom would attempt to use to prove that the balance on the Parker's mortgage was the amount asserted in the letter. FED. R. EVID. 802. Of course, the letter is

sent by Freedom's prior counsel (an individual that is not identified to testify regarding its contents or the fact of its mailing). The letter bears no relevance to this case and its admission would only serve to confuse the jury (who would likely believe it is offered for the truth of what the letter claims). FED. R. EVID. 402, 403. And of course, Freedom wants to use this letter to try to prove something its own records and testimony does not confirm. Due to this host of reasons, Defendant should not be allowed to introduce or make any reference to this letter.

### 6.      Testimony from Plaintiff's Counsel's Paralegal Donna Winters

Defendant should be prohibited from calling Donna Winters to testify. Ms. Winters is a paralegal with Plaintiffs' counsel and as such, all her knowledge is privileged under the attorney-client privilege and attorney work-product doctrine. FED. R. EVID. 502. Plaintiffs have not waived this privilege. Thus, this Court should not allow Ms. Winters to testify at trial.

### 7.      Any Reference to Ocwen Records Pertaining to Plaintiffs

Defendant should not be allowed to make any reference to records held by Ocwen, a prior servicer on Plaintiffs' mortgage account. Ocwen is not connected to Freedom, rather Freedom only received a set of documents electronically from Ocwen. Freedom does not have any personal knowledge regarding these documents and is not even certain of the veracity of these documents. (Ex. A, Freedom 30(b)(6) Dep. 46:9-18, 52:8-24, 64: 11-16, 83:14-84:10; Ex. E, Tarver Dep. 9:5-9, 13:12 – 14:22; 17:17-19, 18:20-21, 21:7-10, 25:15-18, 26:7-9, 50:4-7, 50:20-22, 51:10-14.) Any references by Freedom to these records are inadmissible double hearsay. FED. R. EVID. 802. Such records do not qualify for the business exception to hearsay, given Freedom has not produced a custodian or qualified witness to testify to the veracity of such documents and further, that Freedom's own deposition testimony indicates a lack of trustworthiness pertaining to these

records. FED. R. EVID. 802(D), (E). Consequently, this Court should prohibit Freedom from making any references to the Ocwen records pertaining to Plaintiffs.

> 8. **Testimony in Contradiction of Defendant's Rule 30(b)(6) Deposition Testimony.**

Defendant should not be allowed to provide any testimony that contradicts what it has already testified to in its Rule 30(b)(6) deposition. In particular, Defendant should be prohibited from explaining what the payments should have been or what the basis was for the additional amount demanded as "escrow shortfall" since Defendant testified that it did not have knowledge of these facts in the aforementioned deposition. (Ex. A, Freedom 30(b)(6) Dep. 39:18-41:6, 45:13-25, 46:16-18, 49:7-11, 52:8-24, 61:3-6, 63:2-4, 68:8-13, 74:22-75:4, 77:4-5, 88:16-19, 89:14-24, 94:13-16.) Defendant had ample opportunity to review its records and gather such information and yet it provided sworn testimony that it did not have knowledge of these facts. If Defendant were to suddenly change course and attest to such information now, it would create extreme prejudice to Plaintiffs' case. Therefore, this Court should prohibit Defendants from testifying to any knowledge of what the Parkers' payment should have been or the basis for the additional amount demanded as "escrow shortfall."

> 9. **The use of any evidence that was requested, but not timely produced, as well as any evidence in possession of the Defendant but not timely disclosed pursuant to FED. R. CIV. P. 26(a)(1) & (e).**

Rules 26(e) and 37(c)(1) prohibit parties from playing hide the ball. If a party wants to use evidence at trial or on a motion, that party must produce that evidence to the other side. Failure to do that risks a host of sanctions, including exclusion of the withheld material. FED. R. CIV. P. 37(c)(1). Such a sanction is proper here as discovery was thoroughly conducted, has now closed, and Defendant failed to provide key information in a timely fashion.

Freedom produced 400 pages of redundant documents in response to Plaintiffs' Requests for Production, on May 17, 2019 (all of which were previously produced in the Parker's prior lawsuit against this Defendant). Freedom never supplemented that production with substantive documents until August 9, 2019, days before Plaintiffs' discovery deadline. Importantly, and despite that Plaintiffs' Requests for Production clearly embrace them, Freedom did not produce any manuals or guides relating to its investigation process; anything explaining the process applied to Plaintiffs' disputes; or any credit reporting procedures, until days before Plaintiff's discovery deadline. And even as of today, it has not produced or identified the documents it considered, reviewed, or read when it created the dispute-investigation system it employs; any documents regarding supervision, training, audits of or compensation of the employees who purportedly handled the Plaintiffs' disputes; nor any net worth information. And just as importantly, while Freedom objected to multiple Requests as seeking information protected by attorney-client and work product privileges, it never served a privilege log. Defendant's inexcusable delay in providing this critical information has robbed Plaintiffs of the ability to incorporate such information into Plaintiffs' trial strategy. Given Defendant's blatant failure to timely comply with Plaintiff's discovery requests, this Court should prohibit Defendant from introducing any such information at trial.

Further, to allow Defendant to attempt to introduce new arguments is patently unfair, would be extremely prejudicial to Plaintiffs, and is a violation of the Rules. The Court should therefore prohibit it.

**10.      Any reference to the miscellaneous, irrelevant topics listed below.**

**a.      The fact that Plaintiff's claims are brought under a fee-shifting statute.**

Defendant should not be permitted to suggest that Plaintiffs' claims are brought under a fee-shifting statute because such information is completely irrelevant under Rule of Evidence 401 because it does not tend to make a fact of consequence more or less probable. In fact, the Court cannot even consider the issue of attorneys' fees until it has been determined that a Plaintiff has succeeded. Even if the Court found the fee-shifting provision to be relevant in some way, Rule 403 would require exclusion of the evidence because the unfair prejudice would far outweigh any probative value. FED. R. EVID. 403.

While it does not appear that the Fourth Circuit has considered this point before, it has been directly ruled upon in the Ninth Circuit.[1]  The Court succinctly stated that "The award of attorney fees is a matter for the judge not the jury." *Brooks v. Cook*, 938 F. 2d 1048, 1051 (9th Cir. 1991). The Ninth Circuit went further to state:

> In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or nonexistent. When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. The jury may thus decide to find for the defendant rather than allow the plaintiff's attorney to recover fees.

*Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991); *see also Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000). In this case, the jury will have to decide the amount not only of statutory damages, but punitive damages as well. Putting the jury in the position to guess the amount of

---

[1] The Fourth Circuit has under analogous fee-shifting provisions determined that the issue of fees is one for the court, not the jury. *Saint John's African Methodist Episcopal Church v. GuideOne Specialty Mut. Ins. Co.*, 902 F. Supp. 2d 783, 787 (E.D. Va. 2012) (reasoning that "Once such a judgment is entered, the determination of whether a plaintiff has the right to recover attorneys' fees and costs under § 38.2–209 is a matter for the court, not the jury. *Winston v. State Farm Fire & Cas. Co.*, 97 F.3d 1450 (4th Cir.1996) (unpublished table decision).").

attorneys' fees might result in improper "setting off" the damages by reducing the appropriate

damages award.

        **b.**        **Reference to the Plaintiff's settlement with any other entity.**

        Defendant should not be permitted to refer to settlement or recovery from any other entity.

Whether and if the Parkers have recovered from any other entity based on any other claims is

irrelevant to the recovery to which they are entitled for their claims based on the FCRA violations

at issue by this Defendant.  FED. R. EVID. 401. Under Rule of Evidence 401, evidence is relevant

only if it has a "tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable. The only issues for the jury are whether

Defendant negligently or willfully violated the FCRA, and the amount of Plaintiffs' damages

caused specifically by Freedom.  Defendant is not entitled to any offset or credit for settlements

between the Plaintiff and any other defendants and the jury must be able to consider the harm

caused by each Defendant's violation of her FCRA rights.  The rule in the Fourth Circuit is that

the "one satisfaction" rule is inapplicable in an FCRA case.  *Sloane v. Equifax Info. Servs. LLC*,

510 F.3d 495, 500, & n.2 (4th Cir. 2007).[2] Whether the Parkers recovered anything from any

---

[2] It is the rule elsewhere as well. In *McMillan v. Equifax Credit Info. Servs*, 153 F.Supp.2d 129
(D. Conn. 2000), the Plaintiff asserted claims against both credit reporting agencies and
furnishers as a result of credit identity fraud.  153 F.Supp.2d at 130. The Plaintiff settled with all
of the defendants except for one furnisher, Associates.  *Id.* at n. 2.  Associates attempted to
implead the impostor.  *Id.* at 130.  The court denied the motion to join the impostor, noting that
"Courts have found that the FCRA does not provide a right to indemnification.  *See Kay v. First
Continental Trading, Inc.,* 966 F. Supp. 753, 754-55 (N.D. Ill. 1997) (right to contribution for
violations of FCRA is matter of federal law; contribution not an available remedy); *Irwin v.
Mascott*, 94 F. Supp. 2d 1052, 1058 (N.D. Cal. 2000) (no express or implied right to contribution
or indemnification under Fair Debt Collection Practices Act)."  *Id.* at 132.
      In *Kay v. First Continental Trading*, 966 F.Supp. 753 (N.D. Ill. 1997), the Court held that
there is no right to contribution for a defendant that has violated the FCRA.  In *Kay*, the Plaintiff
sued his former employer and credit reporting agency as a result of a false credit report
attributing a felony conviction to the Plaintiff.  966 F.Supp. at 753-54.  The CRA filed a cross
claim against the employer for contribution.  The employer filed a motion for summary judgment

CRA—confidentiality of those settlements aside—has no bearing on any remaining fact of consequence in this action, which is specifically limited to the question of whether Freedom fulfilled its obligations to under the FCRA in investigating Plaintiffs' disputes.

Defendant may argue that the settlement amounts are relevant as a set off against Plaintiffs' damages. That is not correct. First, as noted above, contribution is not a defense to a claim under the FCRA. Second, the jury will be asked only to determine the amount of Plaintiffs' damages that were caused by Freedom and Freedom alone.

Even if such settlements were relevant under FRE 401, they should be excluded pursuant to FRE 403. Under that rule, relevant evidence may be excluded where its probative value is outweighed by prejudice, confusion, or waste of time. Allowing evidence concerning claims against other defendants will produce all three negative results. Plaintiffs settled with all of the CRA defendants leaving only the furnisher, Freedom. If Defendant were permitted to discuss these settlements, Plaintiffs will need to go into detail regarding the claims against each defendant, the reasons for settling each claim for the amount agreed to, and attempt to allocate the portions of each settlement that represented damages, attorneys fees attributable only to that defendant, and to costs. Defendants will then attempt to refute Plaintiff's evidence. The result will be multiple "mini-trials" within the trial. The jury will become confused. Much time will be wasted. Plaintiff

---

against the cross claim. In granting the motion, the Court noted that "As for the [FCRA] itself, the short answer is that it contains no express provision for contribution . . . ." *Id.* at 754.

Other courts have held that a defendant in a FCRA case cannot reduce a judgment by offsetting the amounts recovered by the Plaintiff in settlement with other defendants in the same case. *In Thomas v. Trans Union, LLC*, U.S. District Court (D.Or.) Case No. 00-1150 (Jan. 19, 2003), the Plaintiff prevailed at trial against the Defendant. The jury awarded $300,000 in actual damages and $5,000,000 in punitive damages. The Defendant moved post-trial to reduce the judgment by the total amount the Plaintiff had recovered in settlement with the other defendants in the case. The Court denied the motion.

may be unfairly prejudiced because the jury will hear about payments received by Plaintiff from other defendants and inappropriately give a credit to Freedom for these amounts.

In addition, settlements, compromises, and offers to compromise are generally not admissible under Rule 408. FED. R. EVID. 408 and no valid exception to this exclusion applies.

Accordingly, Plaintiff moves that Defendant should be precluded from introducing evidence of settlements with the other defendants.

**c.      Any reference to any other litigation, other than Plaintiffs' prior litigation against Freedom, involving Plaintiffs or any other claims they may have.**

Defendant should be precluded from making any reference to Plaintiffs' claims against other entities or other litigation involving Plaintiffs. Whether Plaintiffs have or seek to assert any claims against any other entity likewise does not have the tendency to make a fact of consequence more or less likely. FED. R. EVID. 401. The jury will only consider whether the Defendant in this case willfully violated Section 1681s-2(b) and the amount of damages to assess. If the Court were to find some relevance in this information, the unfair prejudice would outweigh the probative value, lead to waste of judicial resources, and confuse the jury. FED. R. EVID. 403.

Moreover, Plaintiffs would then have to put on evidence to compare the claims, defenses, parties, and damages in order to demonstrate the differences between this Defendant and the claims against it and why it is different from the claims and damages against others. Hence, there is great potential for confusion of the jury and unfair prejudice to Plaintiffs should this information be introduced.

**d.      Any reference to the number or nature of cases handled by the Plaintiff's attorneys or their law firm.**

Defendant should be precluded from referring to the number of cases handled by Plaintiffs' Counsel or making negative references about class actions. There is no relevance to any fact at

issue in this case that Plaintiff's Counsel handles a large number of consumer cases, including cases like this one. Likewise, Plaintiffs cannot manufacture an improper reference to Defense Counsel, its clients, or its defense-side practice. The Court should ensure that no improper reference to other cases is made, including in the form of questions, comments regarding attorneys' fees obtained by consumer lawyers, or the amount of damages awarded in some cases. All such comments would be irrelevant, certainly, but also would serve to create a negative impression of consumer cases in an effort to drive down the amount that may otherwise be awarded to Plaintiffs. Thus, Defendant should be precluded from introducing such evidence or argument.

### B.  Plaintiff Should be Allowed to Introduce Evidence of the Prior Settlement Agreement Between Plaintiffs and Defendant

Evidence regarding Plaintiffs' prior settlement agreement with Defendant, namely that Freedom agreed to correct derogatory reporting of Plaintiffs' mortgage account and adjust balances on this account, as well as the facts preceding that agreement, are relevant to this case and should be admitted as evidence. FED. R. EVID. 402. While settlement agreements are generally inadmissible, there are exceptions in which such facts are admissible. FED. R. EVID. 408(b); *see Barnes v. District of Columbia*, 924 F.Supp.2d 74, 89-90 (D.D.C. 2013) (ruling that settlement agreement was admissible to show what steps defendant had taken). The facts Plaintiffs seek to admit pertain to what steps that Freedom agreed to take as part of the prior settlement. Freedom's failure to take such steps established a pattern and practice which is relevant to Freedom's willfulness and the damages that the Parkers have suffered. Thus, this Court should permit Plaintiffs to introduce these facts.

### Conclusion

For these reasons, Plaintiffs respectfully seek an Order prohibiting introduction of evidence, testimony or argument on the foregoing issues, and allowing introduction of aforementioned facts of the settlement agreement.

Dated: October 4, 2019.

Respectfully submitted,

**JAMES T. PARKER, II and**
**DEBRA L. PARKER**

By: _____/s/_____
            Counsel

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Elizabeth W. Hanes, VSB #75574
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: elizabeth@clalegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October 2019, I caused a true and correct copy of the foregoing to be filed using the Clerk of Court's CM/ECF system, which then sent a notice of electronic filing to all Counsel of Record.

By: _____/s/_____
            Counsel

Leonard A. Bennett, VSB #37523
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: len@clalegal.com